UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HERMAN,
*an individual and on behalf of those similarly situated*,

    Plaintiff,

vs.

SEAWORLD PARKS & ENTERTAINMENT, INC.,

    Defendant.
_____/

CASE NO.

**Jury Trial Demanded**

**CLASS ACTION**

## CLASS COMPLAINT

Plaintiff, Jason Herman ("Plaintiff"), by and through his undersigned counsel and on his behalf and on behalf of those similarly situated ("the Class"), hereby files the following Class Complaint against Defendant, Seaworld Parks & Entertainment, Inc. ("Defendant") and alleges as follows:

1. This is an action for damages for breach of contract arising from the online sale of a one-year pass to the Defendant's theme parks.

### PARTIES

2. Plaintiff is an individual residing in Pinellas County, Florida.

3. Defendant is a Delaware Corporation with its principal place of business in Orlando, Florida. Defendant owns 11 destination and regional theme parks in the United States, including SeaWorld Orlando, SeaWorld San Antonio, SeaWorld San Diego, Busch Gardens Tampa, Busch Gardens Williamsburg, Aquatica Orlando, Aquatica San Diego, Discovery Cove, Water Country USA, and Adventure Island. During the year ended December 31, 2013, Defendant has publicly

reported that in 2013 alone it hosted approximately 23.4 million guests in Defendant's theme parks with revenues of approximately $1,460,300,000. For the year ended December 31, 2013, theme park admissions accounted for approximately 63% of Defendant's total revenue. Approximately 30% of Defendant's admission ticket purchases are made online. *See* Seaworld Entertainment, 2013, Annual Report.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. § 1332 this Court has jurisdiction because the aggregate claims of the putative Class members exceed $5,000,000.00, exclusive of costs and interest. Additionally, this is a Class action in which some of the members of the Class are citizens of a state different than the Defendant.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this district.

## GENERAL ALLEGATIONS

6. On March 18, 2013, Plaintiff purchased from Defendant two "1 Year Seaworld Orlando and Busch Gardens Tampa Pass EZpay Adult." A copy of the "Order Details" confirming this purchase is attached as **Exhibit 1.**

7. As described in the "Order Details" generated by Defendant, the one-year pass was purchased for an initial payment on March 18, 2013 in the amount of $35.40, "plus 11 additional monthly payments of $35.40 (with tax)."

8. Starting on April 18, 2013, Defendant proceeded to charge Plaintiff's credit card $35.40 and continued to charge it on the 18th of every month through February 18, 2014, when the eleventh additional monthly payment was made.

9. Despite receiving the full payment called for in the "Order Details," Defendant continued to charge Plaintiff's credit card each month, with the last charge taken on September 28, 2014. A copy of Plaintiff's online credit card statement memorializing the foregoing payments are attached as Composite **Exhibit 2**.

10. On October 15, 2014, in a call made at 8:43 a.m. and lasting 16 minutes, Plaintiff contacted Defendant at the number listed in the "Contact Us" portion of Defendant's website.

11. During the call, Plaintiff was directed to the "EZpay Department" and spoke with an agent or employee of Defendant, who identified herself as Deborah (she refused to provide her last name).

12. Plaintiff explained to Deborah that he had purchased his pass on March 18, 2013, but that he had been charged for several months after the pass had expired. Plaintiff requested a refund for any charges made beyond February 18, 2014.

13. Deborah told Plaintiff that the terms of the contract he agreed to by purchasing the one year pass included an automatic renewal and that his credit card was charged because he did not ask Defendant to terminate his pass. She refused his request for a refund.

14. Plaintiff asked where the contract language could be found, and Deborah advised that it was in the initial e-mail receipt from the ticket purchase. Plaintiff searched his e-mail while on the phone with Deborah and found no such contract language. Similarly, no such language was found on the receipt, the e-mailed tickets, or the physical pass.

15. Deborah insisted that Plaintiff should have read the contract at the time of purchase and read him the terms of the contract, which according to Defendant included the following provision: "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS,

THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it."

16. Given the lack of any such language in the confirming e-mails, receipts, tickets or passes, Plaintiff asked Deborah if the contract language that she read to him may have changed since he purchased the ticket.  She advised that the renewal language had been the same for the six years that she worked for the Defendant and that the Defendant would not give refunds.

17. Later that day, at 2:38 p.m., Plaintiff called Defendant again to obtain a copy of the contract language that had been described by Deborah.

18. In the second call, which lasted 21 minutes, Plaintiff spoke with a different representative of Defendant named Jasmine.  Jasmine attempted to forward a copy of the contract language to Plaintiff, but could not do so.  She also attempted to guide Plaintiff through numerous steps in an attempt to access the contract language online.  Eventually, Plaintiff ended the call with Defendant without obtaining a copy of the contract.

19. Finally, after the call, Plaintiff was able access the contract only through following a series of internet links starting in an e-mail from Defendant dated April 13, 2012.  A copy of the Defendant's form contract is attached as **Exhibit 3**.

20. Based on his call with Defendant's agent, Deborah, Defendant, as its general business practice, relies on the following contractual provision to continue charging customers after time set forth in the purchase confirmation and to refuse those customers refunds when they request them: "*EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS*, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it."  (Emphasis added).

21. Per the language of Defendant's contract, Defendant is only authorized to automatically renew and continue charging for passes that are not "paid in less than 12 months."

22. Here, Plaintiff purchased the pass on March 18, 2013 and then made eleven subsequent payments, with the eleventh subsequent payment falling on February 18, 2014. The February 18, 2013 payment marked the date on which the pass was paid in full based on both the number of additional monthly payments and based on the total amount paid ($424.80). In other words, the pass was fully paid within eleven months (March 18, 2013 to February 18, 2014).

23. Because Plaintiff paid for his passes in less than 12 months, Defendant did not possess the contractual right to renew the contract nor was Defendant authorized to charge Plaintiff's credit card after February 18, 2014.

24. Upon information and belief, it is Defendant's policy and practice to charge its customers in advance for its one-year passes such that all one-year passes are paid in full within only eleven months.

25. Defendant breached its contract with Plaintiff by continuing to charge him after the February 18, 2014 payment, when Defendant had no contractual right nor authorization to do so.

26. The Defendant routinely receives complaints from consumers seeking refunds for charges made without authorization.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

28. The proposed class is defined as:

    a. All natural persons in the States of Florida, Texas, Virginia, and California;

    b. within the applicable statute of limitations in their respective states;

    c. who purchased a one-year pass to one of Defendant's theme parks in their respective states;

    d. who funded the one-year pass through Defendant's "EZ Pay" system;

    e. who paid for their one-year pass in less than 12 months; and

    f. who were charged any additional amounts after the one-year pass was paid in full.

29. Excluded from the Class are all managers, directors and employees of Defendant and members of their immediate families; all agents of Defendant; legal counsel for both sides and members of their immediate families; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

30. The members of the Class are so numerous that joinder is impractical. The Class consists of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to Defendant's records.

31. The claim of the representative Plaintiff is typical of the claims of the Class in that the representative Plaintiff, like the Class members, purchased a 1 year annual pass online with Defendant, paid for said pass in less than 12 months, and was charged an automatic renewal fee when, per the contract terms, the Defendant did not possess the contractual right to renew the contract and/or charge any additional amount after the pass was paid in full. The representative Plaintiff, like all Class members, has been damaged by Defendant's misconduct in that he has been charged additional payments when the Defendant did not have the contractual right to do so.

32. The Class action poses questions of law and fact that are common to and affect the rights of all members of the Class.

33. Such questions of law and fact common to the Class include, but are not limited to, the following:

    a. Whether or not Defendant breached the form contract with the Class members by continuing to charge them when Defendant had no contractual right nor authorization to do so under the form contract; and

    b. If Defendant breached the form contracts, what is the proper measure to be applied in determining damages.

34. Based on the facts and circumstances set forth herein, Plaintiff's claims are typical of the claims of the members of the Class, in that they arise out of the same uniform contract. Plaintiff's claims and the claims of all Class members arise out of Defendant's common course of conduct and Plaintiff's claims and the claims of all Class members are based upon the same legal theories.

35. Plaintiff will fairly and adequately protect and represent the interests of each member of the Class. Plaintiff understands the issues in this case and is committed to vigorously pursuing this claim on behalf of the Class. Plaintiff has suffered the damages alleged and has no interests antagonistic to the interests of any other Class member. Further, neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action.

36. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

37. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy. Prosecuting separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

38. Further, prosecuting separate actions by individual members of the Class would create the risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications. Further, individualized litigation would significantly increase the delay and expense to all parties and to the Court. A Class action presents far fewer management difficulties, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

39. Questions of law or fact common to the Class predominate over any questions affecting only individual members as the claim is amenable to common proof based on the Defendant's uniform standardized contract. Since the reasonable expectations of a party to a standardized form contract are judged objectively, the entire Class will win or lose on their contract claims based upon the same evidence and legal standards of contract construction.

## **BREACH OF CONTRACT**

40. Plaintiff and the Class members incorporate by reference paragraphs 1 through 39 of this Class Complaint as though stated fully herein.

41. Plaintiff and the Class members entered into contracts with the Defendant for a 1 year pass.

42. The contracts provide that "*EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS*, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-

MONTH BASES FOLLOWING THE PAYMENT PERIOD until I terminate it." (Emphasis added).

43. Plaintiff and the Class members paid for the 1 year pass in less than 12 months.

44. Despite the 1 year passes being paid in less than 12 months, Defendant continued to charge Plaintiff and the Class members when Defendant had no contractual right nor authorization to do so. By continuing to charge Plaintiff and the Class members, Defendant breached its contract.

45. Plaintiff and the Class members have performed all, or substantially all, of the obligations imposed on them under the contract with Defendant.

46. Plaintiff and the Class members have sustained damages as a result of Defendant's breach of contract.

WHEREFORE, Plaintiff and the Class request that the Court enter judgment in their favor for: (1) Certification of this matter to proceed as a class action; (2) Actual damages in an amount according to proof; and (3) For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class demand a trial by jury for all issues so triable.

           */s/ Paul R. Fowkes*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Disparti Law Group, P.A.
2154 Duck Slough Blvd., Ste. 101
Trinity, Florida 34655
(813) 221-0500
(813) 228-7077 (Facsimile)

-10-