IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HERMAN,
An Individual and on Behalf of
Those Similarly Situated,
    Plaintiff,

vs.                                  Case No.:  8:14-cv-03028-MSS-EAJ

SEAWORLD PARKS &
ENTERTAINMENT, INC.
    Defendant.
_____/

## DEFENDANT'S DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant SeaWorld Parks & Entertainment, Inc. ("Defendant" or "SeaWorld"), by and through its undersigned counsel, respectfully moves to dismiss the Complaint filed by Plaintiff Jason Herman ("Herman" or "Plaintiff") with prejudice for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Despite clear contractual language authorizing SeaWorld's actions, Plaintiff's Complaint alleges a single claim for breach of contract.  The sole basis for Plaintiff's claim is that a single clause in the Parties' EZpay Plan Contract (the "Contract")—which states that "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it"—did not authorize SeaWorld to continue to charge Plaintiff for his Annual Passes on a month-to-month

basis after his 12 month contractual commitment had been met.  *See* Ex. 3 to Plaintiff's Complaint: Retail Installment Contract EZpay Plan; Complaint at ¶¶ 42-44.

Plaintiff's argument cannot succeed based on the plain language of the Contract, which unambiguously states that Plaintiff's Annual Passes would be paid for in 12 equal monthly installment payments.  Plaintiff's Contract clearly contemplated 12 monthly payments, thus the month-to-month automatic renewal provision applied to Plaintiff, and SeaWorld's actions in compliance with that provision cannot constitute a breach.

Reading the Contract as a whole, there can be no question that SeaWorld's conduct was authorized by, and not in breach of, the Contract.  The plain language of the Contract simply does not permit Plaintiff's strained reading to the contrary.  Plaintiff therefore fails to state a claim upon which relief may be granted, and his Complaint should be dismissed as a matter of law.

**STATEMENT OF FACTS**

1. SeaWorld sells annual passes for unlimited admission to certain of its parks ("Annual Passes").  As a service to its guests, SeaWorld allows its guests to pay for their Annual Passes through monthly installments, rather than paying the full price of the Annual Passes up front.  To purchase an Annual Pass through monthly installments, customers enter into installment contracts with SeaWorld that are called "EZpay Plans." *See* Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶¶ 6-7.  SeaWorld does not charge any finance charges or fees for guests who choose to pay for their Annual Passes through monthly installments.  Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.

2. Guests who select the EZpay Plan option to purchase an Annual Pass commit to make a minimum of twelve monthly payments: an initial payment at the time of purchase, and eleven (11) additional monthly payments. *See* Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶ 7.

3. Both the Contract itself, and the Order Details confirmation sent to guests, clearly state that an Annual Pass purchased through an EZpay Plan will be paid in a total of 12 monthly payments. *See* Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract (stating that a total of 12 monthly payments, including the down payment, are required); Ex. 1 to Plaintiff's Complaint: Order Details (indicating that the guest will be charged an initial down payment, "plus 11 additional monthly payments….").

4. After this minimum 12 month commitment is fulfilled, guests may cancel their Annual Pass at any time. Until the Annual Pass is cancelled, however, the EZpay Plan renews automatically on a month-to-month basis for the same monthly payment amount. *See* Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.

5. The Contract unambiguously describes this renewal option, stating "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it. I hereby authorize [SeaWorld] to charge my credit card…for future payments." Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.

6. Under the terms of the EZpay Plan, as long as the guest continues to make monthly payments, the Annual Pass is valid indefinitely. Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.

7. On March 18, 2013, Plaintiff purchased two Annual Passes for unlimited admission to Busch Gardens Tampa and SeaWorld Orlando. Complaint, at ¶ 6.

8. Instead of paying for the Annual Passes up front, Plaintiff entered into the EZpay Plan Contract with SeaWorld, which indicated that Plaintiff's Annual Passes would be paid in a total of twelve monthly payments. Complaint at ¶ 41-42; Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.

9. Plaintiff also received an Order Details confirmation by e-mail, clearly stating that the Annual Passes would be paid in a total of 12 monthly payments. Ex. 1 to Plaintiff's Complaint: Order Details.

10. Pursuant to the terms of the Contract, SeaWorld charged Plaintiff the initial payment of $35.40 on March 18, 2013, and charged 11 additional payments of $35.40 on the 18th of each month from April 2013 until February 2014, for a total of 12 monthly payments. Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶¶ 7-8.

11. Following the twelfth monthly payment in February of 2014, Mr. Herman's Contract renewed automatically on a month-to-month basis pursuant to its terms. Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶ 9; Ex. 2 to Plaintiff's Complaint: Transaction History.

12. Each month for seven months from March 2014 to September 2014, Plaintiff continued to make monthly payments to keep his Annual Passes valid.

Consequently, his Annual Passes renewed on a month-to-month basis, as permitted by the Contract, with his final payment made on September 28, 2014.  Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶ 9; Ex. 2 to Plaintiff's Complaint: Transaction History.  Plaintiff never cancelled his EZpay Plan during this time as permitted by the Contract.  Complaint at ¶¶ 9, 13.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Dismissal is appropriate where it is clear that the plaintiff can prove no set of facts in support of the claims in the complaint.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  "Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id.* (quoting *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).  Further, the meaning of an unambiguous contract is an issue for the trial court to determine as a matter of law.  *Real Estate Value Co., Inc. v. Carnival Corp.*, 92 So. 3d 255, 262 (Fla. Dist. Ct. App. 2012).

## ARGUMENT

### I.    Plaintiff's Complaint Fails to State a Claim for Breach of Contract

Plaintiff's only claim seeks damages, both individually and on behalf of a putative class, for SeaWorld's alleged breach of contract.  Complaint at ¶¶ 40-46.  Even accepting

Mr. Herman's factual allegations as true, Plaintiff's claim fails as a matter of law and must be dismissed because, based on the plain meaning of the Contract, Plaintiff has failed to plead facts demonstrating a breach by SeaWorld.

### A. Based on the Plain and Unambiguous Contract Language, SeaWorld Did Not Breach the Contract

To recover for a breach of contract in Florida, the Plaintiff must prove three elements:

1) A valid contract exists between Plaintiff and Defendant;
2) Defendant materially breached that contract; and
3) Plaintiff suffered damages.

*Havens v. Coast Florida, P.A.*, 117 So. 3d 1179, 1181 (Fla. Dist. Ct. App. 2013). In interpreting a contract to determine whether a breach occurred, the Court will try to discern the parties' intent based on the information contained in the four corners of the document. *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011). If the terms of the contract are clear and unambiguous, the Court is bound by the plain meaning of those terms. *Emerald Pointe Prop. Owners' Ass'n v. Commercial Constr. Indus., Inc.*, 978 So.2d 873, 877 (Fla. Dist. Ct. App. 2008). The Court should not, however, isolate a single term or group of words and read that part in isolation. Instead, "the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Delissio v. Delissio*, 821 So.2d 350, 353 (Fla. Dist. Ct. App. 2002); *see also Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd.*, 593 So.2d 195, 197 (Fla. 1992) (stating that a determination of the parties' intent requires consideration of the contract's language, subject matter, object, and purpose).

Applying these standards to the Contract entered into between SeaWorld and Herman, the plain language of the Contract dictates that, accepting all the allegations in

6

Plaintiff's Complaint as true, Plaintiff fails to allege any behavior by SeaWorld that breached the Contract.[1]  Plaintiff zeroes in on one isolated provision of the Contract and claims that this single sentence indicates that SeaWorld lacked authority to charge his card for additional monthly payments after his original 12-month commitment had expired.  However, read as a whole, the Contract states the opposite—on its face, the Contract "renew[ed] automatically" on a month-to-month basis unless and until it was cancelled by Herman.  Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract.  Until Herman cancelled, Herman was therefore permitted to continue to use his Annual Passes for unlimited admission to Busch Gardens Tampa and SeaWorld Orlando, and SeaWorld was authorized to charge Herman's credit card for monthly payments.  SeaWorld's compliance with the precise terms of the Contract cannot constitute a breach.

Specifically, Plaintiff alleges that, although he selected the EZpay Plan requiring 12 monthly payments to purchase his Annual Passes, and in fact paid for the Annual Passes by making 12 monthly payments, he was not covered by the month-to-month automatic renewal provision that applies to **all** passes "EXCEPT FOR ANY…PAID IN LESS THAN 12 MONTHS."  Complaint at ¶¶ 43, 44.  Reading the Contract as a whole, this is nonsensical.  Plaintiff's Contract clearly lists both the "TOTAL *MONTHLY* PAYMENT"—$35.40—and the "TOTAL NUMBER OF PAYMENTS (including the down payment)—12.[2]  Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract (emphasis added).  These contractual terms eliminate any doubt about the

---

[1] SeaWorld notes that, although Plaintiff devotes much time to a discussion of the location of the Contract and his difficulty in recalling it, he specifically concedes that the Parties entered into a Contract.  Complaint at ¶41.

[2] There can be no disagreement that these terms are part of the Contract.  In fact, certain payment terms and information on the number of payments are *required* to be included in the Contract under Florida law.  Fla. Stat. § 520.34(2), (4).

7

meaning of the provision Plaintiff alleged was breached. As listed in these terms, Plaintiff purchased Annual Passes that contemplated that payment would be made in 12 monthly installment payments. Therefore, by definition, they could not be "PASSES PAID IN LESS THAN 12 MONTHS."

Instead, as written on the face of the Contract, Plaintiff purchased Annual Passes to be paid in 12 monthly payments, and was subject to the contract term indicating "THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE [INITIAL] PAYMENT PERIOD until I terminate it." Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract. Accordingly, reading the Contract as a whole and applying its plain and unambiguous meaning, SeaWorld complied with the Contract when it continued to charge Plaintiff on a month-to-month basis after Plaintiff's Contract automatically renewed. *See Emerald Pointe Prop. Owners' Ass'n*, 978 So.2d at 877; *Delissio*, 821 So.2d at 353; *Am. Home Assurance Co.*, 593 So.2d at 197. In fact, under the terms of the Contract, SeaWorld lacked the authority to prevent Plaintiff's Annual Passes from automatically renewing on a month-to-month basis until the Contract was terminated by Plaintiff. *See generally Flagship Resort Development Corp. v. Internal Int'l, Inc.*, 28 So.3d 915, 922-23 (Fla. Dist. Ct. App. 2010) (affirming summary judgment on grounds that contract automatically renewed when party seeking termination failed to give notice as required by its terms); *Hepler v. Atlas Mut. Ins. Co.,* 501 So.2d 681, 688–89 (Fla. Dist. Ct. App. 1987) (finding that contract did not expire on its terms and the automatic renewal provision was triggered when party failed to send written notice of non-renewal). The Contract gives only Plaintiff, *not* SeaWorld, the right to cancel the Contract at will, therefore SeaWorld was contractually

8

required to renew Plaintiff's Annual Passes until he cancelled, and did so in compliance with its obligations. Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract ("THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD *until I terminate it*.") (emphasis added).  Accordingly, Plaintiff has failed to allege any facts that could demonstrate that SeaWorld breached its Contract with Plaintiff.

Plaintiff and SeaWorld entered into an unambiguous Contract, which called for Plaintiff to purchase two unlimited admission Annual Passes by making 12 monthly payments of $35.40.  The Contract therefore dictates that Plaintiff did not purchase "ANY PASSES PAID IN LESS THAN 12 MONTHS"—quite the opposite, he purchased two Annual Passes that *were* to be paid in 12 months.  Ex. 3 to Plaintiff's Complaint: EZpay Plan Retail Installment Contract; Complaint at ¶ 8.  Based on this unambiguous contractual term, the Contract renewed automatically on a month-to-month basis until Plaintiff cancelled it.  Because Plaintiff has not asserted any behavior by SeaWorld that, interpreted in the light most favorable to him, constitutes a breach by SeaWorld, his claim for breach of contract cannot succeed.  Plaintiff has failed utterly to state a claim upon which relief can be granted, therefore SeaWorld is entitled to an order dismissing Plaintiff's Complaint with prejudice.  *See Glover*, 459 F.3d at 1308.

## CONCLUSION

As described in more detail above, Plaintiff's claim for breach of contract fails because the unambiguous meaning of the Contract dictates that Plaintiff purchased Annual Passes to be paid for in 12 monthly payments.  There is therefore no question that Plaintiff was subject to the automatic renewal provisions of his Contract with SeaWorld.

Nor is there any question that, by its terms, the Contract automatically renewed on a month-to-month basis. Because Plaintiff points to no other conduct by SeaWorld that allegedly violates the Contract, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, SeaWorld respectfully requests that this Court dismiss Plaintiff's Compliant with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Certificate of Complaint with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that counsel for SeaWorld has conferred in good faith with opposing counsel in an effort to resolve these issues. Counsel for Plaintiff Jason Herman ("Herman" or "Plaintiff") indicated that Plaintiff opposes this Motion.

Respectfully submitted this 20th day of January, 2015.


*/s/ Ann E. Prouty*

Colin C. Deihl
Colorado Bar No. 19737
Ann E. Prouty
Colorado Bar No. 41322
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado 80203
Telephone:	(303) 607-3500
Facsimile:	(303)607-3600
E-mail:	colin.deihl@faegrebd.com
	ann.prouty@faegrebd.com

Christopher T. Hill
Florida Bar No. 0868371
390 North Orange Avenue, Suite 1610
Orlando, Florida  32801
Telephone:	(407) 926-7460
Facsimile:	(407) 926-7461
Email:	chill@hrkmlaw.com

Attorneys for Defendant,
SeaWorld Parks & Entertainment, Inc.

## Certificate of Service

      I hereby certify that on January 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                       /s/ *Jan Sullivan*
                                                      Jan Sullivan

US.55552313.04