IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HERMAN, WILLIAM COHEN,
AND JOEY KRATT,
*as individuals and on behalf of those
similarly situated*,

      Plaintiffs,

vs.                          Case No.:  8:14-cv-03028-MSS-EAJ

SEAWORLD PARKS &
ENTERTAINMENT, INC.
      Defendant.
_____/

## DEFENDANT'S DISPOSITIVE MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant SeaWorld Parks & Entertainment, Inc. ("Defendant" or "SeaWorld"), by and through its undersigned counsel, respectfully moves to dismiss the First Amended Class Complaint ("Amended Complaint," Doc. 26) filed by Plaintiffs Jason Herman ("Herman"), William Cohen ("Cohen"), and Joey Kratt ("Kratt") (collectively, "Plaintiffs") with prejudice for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01.

## MEMORANDUM OF LAW

### I.      INTRODUCTION

Despite clear contractual language authorizing SeaWorld's actions, Plaintiffs' Amended Complaint alleges claims for breach of contract, unjust enrichment, and violation of the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*

("EFTA").  The underlying basis for each of Plaintiffs' claims is that a single clause in the Parties' EZpay Plan Contract (the "Contract")—which states that "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it"—did not authorize SeaWorld to continue to charge Plaintiffs for their Annual Passes on a month-to-month basis after their 12 month contractual commitment had been met.  *See* Ex. 2 to Amended Complaint: Retail Installment Contract EZpay Plan; Amended Complaint at ¶¶ 63-65.

Plaintiffs' claim for breach of contract cannot succeed based on the plain language of the Contract, which unambiguously states that Plaintiffs' Annual Passes would be paid for in 12 equal monthly installment payments.  Plaintiffs' Contract clearly contemplated 12 monthly payments, thus the month-to-month automatic renewal provision applied to Plaintiffs, and SeaWorld's actions in compliance with that provision cannot constitute a breach.  Likewise, Plaintiffs' claim for unjust enrichment fails because Florida does not recognize an unjust enrichment claim where, as here, the claim is entirely duplicative of a claim for breach of contract.  Finally, Plaintiff Kratt's claim for violations of EFTA fails because SeaWorld had written authorization from Kratt for all monthly payments it collected, in compliance with EFTA.

Reading the Contract as a whole, there can be no question that SeaWorld's conduct was authorized by, and not in breach of, the Contract.  The plain language of the Contract simply does not permit Plaintiffs' strained reading to the contrary.  Plaintiffs therefore fail to state a claim upon which relief may be granted under any of their theories, and their Amended Complaint should be dismissed as a matter of law.

## II.      STATEMENT OF FACTS[1]

1.      SeaWorld sells annual passes for unlimited admission to certain of its parks ("Annual Passes").  As a service to its guests, SeaWorld allows its guests to pay for their Annual Passes through monthly installments, rather than paying the full price of the Annual Passes up front.  To purchase an Annual Pass through monthly installments, customers enter into installment contracts with SeaWorld called "EZpay Plans."  *See* Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 10-12.  SeaWorld does not charge any finance charges or fees for guests who choose to pay for their Annual Passes through monthly installments.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

2.      Guests who select the EZpay Plan option to purchase an Annual Pass commit to make a minimum of twelve monthly payments: an initial payment at the time of purchase, and eleven (11) additional monthly payments.  *See* Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶ 10 ("Defendant offers consumers who wish to purchase one-year passes to any of its parks an option to pay for the passes through Defendant's "EZ Pay" system – a system which **allows consumers to pay for their passes in twelve monthly installments**.") (emphasis added), ¶ 11.

3.      Both the Contract itself, and the Order Details confirmation sent to guests, clearly state that an Annual Pass purchased through an EZpay Plan will be paid in a total of 12 monthly payments.  *See* Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract (stating that a total of 12 monthly payments, including the down

---

[1] For purposes of this Motion to Dismiss, SeaWorld takes the allegations in Plaintiffs' Amended Complaint as true.  SeaWorld reserves the right to establish that these factual allegations are incorrect as this lawsuit proceeds.

payment, are required); Ex. 1 to Amended Complaint: Order Details (indicating that the guest will be charged an initial down payment, "plus 11 additional monthly payments….").

4.      After this minimum 12 month commitment is fulfilled, guests may cancel their Annual Pass at any time.  Until the Annual Pass is cancelled, however, the EZpay Plan renews automatically on a month-to-month basis for the same monthly payment amount.  *See* Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 35-37, 41-44.

5.      The Contract unambiguously describes this renewal option, stating "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it.  I hereby authorize [SeaWorld] to charge my credit card (or any other credit card which I supply [SeaWorld]) for future payments."  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

6.      Under the terms of the EZpay Plan, as long as the guest continues to make monthly payments, the Annual Pass is valid indefinitely.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

7.      On March 18, 2013, Plaintiff Herman purchased two Annual Passes for unlimited admission to Busch Gardens Tampa and SeaWorld Orlando.  Amended Complaint, at ¶ 13.

8.      Instead of paying for the Annual Passes up front, Herman entered into the EZpay Plan Contract with SeaWorld, which indicated that Herman's Annual Passes

4

would be paid in a total of twelve monthly payments.  Amended Complaint at ¶ 62-63; Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

9.      Herman also received an Order Details confirmation by e-mail, clearly stating that the Annual Passes would be paid in a total of 12 monthly payments.  Ex. 1 to Amended Complaint: Order Details.

10.     Pursuant to the terms of the Contract, SeaWorld charged Herman the initial payment of $35.40 on March 18, 2013, and charged 11 additional payments of $35.40 on the 18th of each month from April 2013 until February 2014, for a total of 12 monthly payments.   Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 14-15.

11.     Following the twelfth monthly payment in February of 2014, Mr. Herman's Contract renewed automatically on a month-to-month basis pursuant to its terms.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶ 16.

12.     Each month for seven months from March 2014 to September 2014, Herman continued to make monthly payments to keep his Annual Passes valid. Consequently, his Annual Passes renewed automatically on a month-to-month basis, as permitted by the Contract, with his final payment made on September 28, 2014.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶ 16.   Herman never cancelled his EZpay Plan during this time as permitted by the Contract.  Amended Complaint at ¶¶ 16, 20.

US.55668375.02

13.     On March 16, 2013, Plaintiff Cohen purchased two Annual Passes for unlimited admission to Busch Gardens Tampa and SeaWorld Orlando.   Amended Complaint, at ¶ 33.

14.     Instead of paying for the Annual Passes up front, Cohen entered into the EZpay Plan Contract with SeaWorld, which indicated that Cohen's Annual Passes would be paid in a total of twelve monthly payments.   Amended Complaint at ¶¶ 62-63, 33 ("Aside from the purchase date, Cohen's form contract with the Defendant had the same terms and conditions as the contract between Herman and Defendant."); Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

15.     Pursuant to the terms of the Contract, SeaWorld charged Cohen the initial payment of $35.40 on March 16, 2013, and charged 11 additional payments of $35.40 on the 16th of each month from April 2013 until February 2014, for a total of 12 monthly payments.   Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 34-35.

16.     Following the twelfth monthly payment in February of 2014, Mr. Cohen's Contract renewed automatically on a month-to-month basis pursuant to its terms.   Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶ 36.

17.     Each month for nine months from March 2014 to November 2014, Cohen continued to make monthly payments to keep his Annual Passes valid.   Amended Complaint at ¶ 36.   Consequently, his Annual Passes renewed automatically on a month-to-month basis, as permitted by the Contract, with his final payment made on November 16, 2014.   Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract;

Amended Complaint at ¶ 36.  Cohen never cancelled his EZpay Plan during this time as permitted by the Contract.  Amended Complaint at ¶ 36.

18.     On January 22, 2013, Plaintiff Kratt purchased one Annual Pass for unlimited admission to Busch Gardens Tampa.  Amended Complaint, at ¶ 40.

19.     Instead of paying for his Annual Pass up front, Kratt entered into the EZpay Plan Contract with SeaWorld, which indicated that Kratt's Annual Pass would be paid in a total of twelve monthly payments.  Amended Complaint at ¶¶ 62-63, 40 ("Aside from the payment amount and purchase date, Kratt's form contract with Defendant had the same terms and conditions as the contract between Herman and Defendant."); Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.

20.     Pursuant to the terms of the Contract, SeaWorld charged Kratt the initial payment of $13.28 on January 22, 2013, and charged 11 additional payments of $13.28 on the 20th of each month from February 2013 until December 2013, for a total of 12 monthly payments.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 40-41.

21.     Following the twelfth monthly payment in December of 2013, Mr. Kratt's Contract renewed automatically on a month-to-month basis pursuant to its terms, and SeaWorld continued to collect monthly payments in the amount of $13.28 from Mr. Kratt.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 42, 44 (indicating SeaWorld offered to refund $39.84 for three monthly payments, thus each monthly payment was $13.28), ¶ 46 (indicating that, after auto-renewal, Mr. Kratt was charged a monthly payment in the amount of $13.28).

US.55668375.02

22.     Each month for eight months from January 2014 to August 2014, Kratt continued to make monthly payments to keep his Annual Pass valid.   Amended Complaint at ¶ 42.  Consequently, his Annual Pass renewed automatically on a month-to-month basis, as permitted by the Contract, with his final payment made on August 20, 2014.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶ 42.  Kratt does not allege that he cancelled his EZpay Plan prior to August 20, 2014 as permitted by the Contract.  Amended Complaint at ¶¶ 40-44.

### III.     STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Dismissal is appropriate where it is clear that the plaintiff can prove no set of facts in support of the claims in the complaint.  *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  "Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'"  *Id.* (quoting *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).  Further, the meaning of an unambiguous contract is an issue for the trial court to determine as a matter of law.  *Real Estate Value Co., Inc. v. Carnival Corp.*, 92 So. 3d 255, 262 (Fla. Dist. Ct. App. 2012).

US.55668375.02

## IV.    ARGUMENT

### A. Plaintiffs' Amended Complaint Fails to State a Claim for Breach of Contract (Claim 1) Because, Based on the Plain and Unambiguous Contract Language, SeaWorld Did Not Breach the Contract

Plaintiffs' breach of contract claim seeks damages, both individually and on behalf of a putative class, for SeaWorld's alleged breach of contract.   Amended Complaint at ¶¶ 61-67.  Even accepting Plaintiffs' factual allegations as true, Plaintiffs' claim fails as a matter of law and must be dismissed because, based on the plain meaning of the Contract, Plaintiffs have failed to plead facts demonstrating a breach by SeaWorld.

To recover for a breach of contract in Florida, the Plaintiff must prove three elements:

1) A valid contract exists between Plaintiff and Defendant;
2) Defendant materially breached that contract; and
3) Plaintiff suffered damages.

*Havens v. Coast Florida, P.A.*, 117 So. 3d 1179, 1181 (Fla. Dist. Ct. App. 2013).  In interpreting a contract to determine whether a breach occurred, the Court will try to discern the parties' intent based on the information contained in the four corners of the document.  *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011).  If the terms of the contract are clear and unambiguous, the Court is bound by the plain meaning of those terms.  *Emerald Pointe Prop. Owners' Ass'n v. Commercial Constr. Indus., Inc.*, 978 So. 2d 873, 877 (Fla. Dist. Ct. App. 2008).  The Court should not, however, isolate a single term or group of words and read that part in isolation.  Instead, "the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Delissio v. Delissio*, 821 So. 2d 350, 353 (Fla. Dist. Ct. App. 2002); *see also Am. Home Assurance Co. v. Larkin Gen. Hosp., Ltd.*, 593 So. 2d 195, 197

US.55668375.02

(Fla. 1992) (stating that a determination of the parties' intent requires consideration of the contract's language, subject matter, object, and purpose).

Applying these standards to the Contract entered into between SeaWorld and the Plaintiffs, the plain language of the Contract dictates that, accepting all the allegations in Plaintiffs' Amended Complaint as true, Plaintiffs fail to allege any behavior by SeaWorld that breached the Contract.[2] Relying on one isolated provision of the Contract, Plaintiffs claim SeaWorld lacked authority to charge their cards for any additional monthly payments after their initial 12-month commitment expired. However, read as a whole, the Contract states the opposite—on its face, the Contract "renew[ed] automatically" on a month-to-month basis unless and until it was cancelled by Plaintiffs. Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract. Until Plaintiffs cancelled, Plaintiffs were permitted to continue to use their Annual Passes for unlimited admission to SeaWorld's parks, and SeaWorld was authorized to charge Plaintiffs' credit or debit cards for payments on a month-to-month basis. SeaWorld's compliance with the precise terms of the Contract cannot constitute a breach.

Specifically, Plaintiffs allege that, although they each selected the EZpay Plan requiring 12 monthly payments to purchase their Annual Passes, and in fact paid for the Annual Passes by making 12 monthly payments,[3] they were not covered by the month-to-

---

[2] SeaWorld notes that, although Plaintiffs, especially Plaintiff Herman, discuss in detail their alleged difficulty in locating the Contract, Plaintiffs specifically conceded that each of them entered into a written Contract with SeaWorld. Complaint at ¶ 62.

[3] For Herman, the first monthly payment was made in March 2013, with 11 additional monthly payments made in April 2013, May 2013, June 2013, July 2013, August 2013, September 2013, October 2013, November 2013, December 2013, January 2014, and February 2014, for a total of twelve monthly payments. Complaint at ¶ 15. Likewise, for Cohen, the first monthly payment was made in March 2013, with 11 additional monthly payments made in April 2013, May 2013, June 2013, July 2013, August 2013, September 2013, October 2013, November 2013, December 2013, January 2014, and February 2014, for a total of twelve monthly payments. Complaint at ¶ 35. Finally, for Kratt, the first monthly payment was made in January 2013, with 11 additional monthly payments made in February 2013, March 2013, April

month automatic renewal provision that applies to **all** passes "EXCEPT FOR ANY…PAID IN LESS THAN 12 MONTHS." Amended Complaint at ¶¶ 30, 36, 42, 64, 65. Reading the Contract as a whole, this interpretation cannot succeed. The Contract clearly lists both the "TOTAL *MONTHLY* PAYMENT"—$35.40, in Herman's case— and the "TOTAL NUMBER OF PAYMENTS (including the down payment)"—12.[4] Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract (emphasis added). These contractual terms eliminate any doubt about the meaning of the provision that Plaintiffs allege was breached. As listed in these terms, Plaintiffs purchased Annual Passes that contemplated that payment would be made in 12 monthly installment payments. Therefore, by definition, they could not be "PASSES PAID IN LESS THAN 12 MONTHS."

Instead, as written on the face of the Contract, Plaintiffs purchased Annual Passes to be paid in 12 monthly payments, and were subject to the contract term indicating "THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE [INITIAL] PAYMENT PERIOD until I terminate it." Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract. Accordingly, reading the Contract as a whole and applying its plain and unambiguous meaning, SeaWorld complied with the Contract when it continued to charge Plaintiffs on a month-to-month basis after the Contract automatically renewed. *See Emerald Pointe Prop. Owners' Ass'n*, 978 So.2d at 877; *Delissio*, 821 So.2d at 353; *Am. Home Assurance Co.*, 593 So.2d at 197. In fact, under the terms of the Contract, SeaWorld lacked the authority

---

2013, May 2013, June 2013, July 2013, August 2013, September 2013, October 2013, November 2013, and December 2013 for a total of twelve payments. Complaint at ¶ 41.
[4] There can be no disagreement that these terms are part of the Contract. In fact, certain payment terms and information on the number of payments are *required* to be included in the Contract under Florida law. Fla. Stat. § 520.34(2), (4).

to prevent Plaintiffs' Annual Passes from automatically renewing on a month-to-month basis until the Contract was terminated by Plaintiff. *See generally Flagship Resort Development Corp. v. Interval Int'l, Inc.*, 28 So.3d 915, 922-23 (Fla. Dist. Ct. App. 2010) (affirming summary judgment on grounds that contract automatically renewed when party seeking termination failed to give notice as required by its terms); *Hepler v. Atlas Mut. Ins. Co.,* 501 So.2d 681, 688–89 (Fla. Dist. Ct. App. 1987) (finding that contract did not expire on its terms and the automatic renewal provision was triggered when party failed to send written notice of non-renewal).   The Contract gives only Plaintiff, *not* SeaWorld, the right to cancel the Contract at will, therefore SeaWorld was contractually required to renew Plaintiffs' Annual Passes until they cancelled, and did so in compliance with its obligations. Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract ("THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD *until I terminate it*.") (emphasis added).   Accordingly, Plaintiff has failed to allege any facts that could demonstrate that SeaWorld breached its Contract with Plaintiff.

Plaintiffs and SeaWorld entered into an unambiguous Contract, which called for Plaintiffs to purchase unlimited admission Annual Passes by making 12 equal monthly payments.   The Contract therefore dictates that Plaintiffs did not purchase "ANY PASSES PAID IN LESS THAN 12 MONTHS"—quite the opposite, they each purchased Annual Passes that *were* to be paid in 12 months.  Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract; Amended Complaint at ¶¶ 10, 14, 34, 40.  Based on this unambiguous contractual term, the Contract renewed automatically on a month-to-month basis until Plaintiffs cancelled it.  Because Plaintiffs have not asserted any behavior by

SeaWorld that, interpreted in the light most favorable to Plaintiffs, constitutes a breach by SeaWorld, Plaintiffs' claim for breach of contract cannot succeed.  Plaintiffs have failed to state a claim upon which relief can be granted, therefore SeaWorld is entitled to an order dismissing Plaintiffs' breach of contract claim with prejudice.  *See Glover*, 459 F.3d at 1308.

### B. Plaintiffs' Unjust Enrichment Claim Fails (Claim 2) Because It Is Duplicative of Plaintiffs' Claim for Breach of Contract.

Under Florida law, "[u]njust enrichment is an equitable cause of action that is unavailable where the underlying wrongs are properly addressed by a legal remedy." *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686-CIV, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013) (citing *Bowleg v. Bowe*, 502 So.2d 71, 72 (Fla. Dist. Ct. App. 1987), and dismissing Plaintiffs' unjust enrichment claim because it merely restated the alleged wrongdoing addressed by Plaintiffs' other claims); *see also Kraft Co., Inc. v. J & H Marsh & McLennan of Fla., Inc.*, No. 2:06-cv-6-FTM-29DNF, 2006 U.S. Dist. LEXIS 45261, at *7 (M.D. Fla. Jul. 5, 2006) (dismissing unjust enrichment claim because claim arose out of performance of an express contract, and express contract provides legal remedy).  "A plaintiff may plead unjust enrichment as an alternative theory to a legal cause of action.  However, where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action" and dismissal is appropriate.  *Licul,* 2013 WL 6328734, at *7 (internal citations omitted); *see also Weaver v. Mateer & Harbert, P.A.*, No. 5:09-CV-514-OC-34TBS, 2012 WL 3065362, at *11 (M.D. Fla. Jul. 27, 2012).  Moreover, "an unjust enrichment claim can only be pled in the alternative [to a contract claim] if one or more parties contest the existence of an express

contract governing the subject of the dispute." *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) (citations omitted); *Licul*, 2013 WL 6328734, at *8.

Here, Plaintiffs' unjust enrichment claim should be dismissed because it is duplicative of Plaintiffs' legal claim for breach of contract. Both the breach of contract claim and the quasi-contractual claim for unjust enrichment adopt, incorporate, and are predicated on the general allegations contained in paragraphs 1 through 60 of the Amended Complaint, and both claims seek the same damages for the same conduct. Specifically, the conduct Plaintiffs allege forms the basis for their unjust enrichment claim—SeaWorld's adherence to the automatic renewal provision of the Contract to continue to collect monthly payments after the initial 12 month term—is precisely the same conduct Plaintiffs allege forms the basis for their breach of contract claim entitling them to contractual damages. Amended Complaint at ¶¶ 61, 68. Therefore, SeaWorld's authority to continue collecting monthly payments after the Contract auto-renewed must be decided on the basis of that Contract. If, as demonstrated by the plain language of the Contract, SeaWorld was authorized to collect monthly payments after the Contract automatically renewed, its actions were part of the contractual bargain between the Parties, and cannot constitute unjust enrichment. If, on the other hand, SeaWorld's actions were not authorized by the Contract, as Plaintiffs contend and SeaWorld vehemently denies, then those actions were a breach of contract and cannot also constitute unjust enrichment. In either case, precisely the same factual predicate exists for the contractual claim as for Plaintiffs' unjust enrichment claim, therefore that unjust enrichment claim must fail.

US.55668375.02

Moreover, accepting all Plaintiffs' allegations as true, there is no indication that either Plaintiffs or SeaWorld deny the existence of an express contract governing this dispute.  To the contrary, the Plaintiffs state that "Plaintiffs, Herman, Cohen, Kratt and the Class members entered into contracts with the Defendant for a 1 year pass." Amended Complaint at ¶ 62.  Likewise, Plaintiffs allege that SeaWorld enters into Contracts with each customer who purchase an Annual Pass using an EZpay Plan, and that SeaWorld has consistently taken the position that Plaintiffs are subject to that Contract.  *See, e.g.,* Amended Complaint at ¶¶ 11-12, 20-22, 25, 27.  Read in the light most favorable to Plaintiffs, nothing in the Amended Complaint suggests that either Party denies that an express contract governs this dispute, therefore dismissal is warranted. *Zarrella*, 755 F. Supp. 2d at 1227.

Because Plaintiffs' unjust enrichment claim is simply a repackaging of their breach of contract claim, which seeks different relief based on an identical factual predicate, Plaintiffs have an adequate remedy at law. Moreover, Plaintiffs' Amended Complaint fails to allege that either Party disputes the existence of an express contract governing this dispute.  Accordingly, Plaintiffs' unjust enrichment claim fails as a matter of law and should be dismissed with prejudice.

**C.  Plaintiff Kratt Fails to State a Claim for Violations of EFTA (Claim 3) Because SeaWorld Had Written Authorization to Make Recurring Charges to His Account.**

Plaintiff Kratt brings a third claim for violations of the federal Electronic Funds Transfer Act, on behalf of himself and a putative subclass of SeaWorld customers who paid for their Annual Passes under the EZpay Plan using electronic transfers from their debit or bank accounts.  Amended Complaint at ¶¶ 49, 76-81.  However, because

SeaWorld had written authorization to collect monthly payments from Kratt after his Contract automatically renewed, Kratt's EFTA claim fails as a matter of law.

The Electronic Funds Transfer Act provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."  15 U.S.C. § 1693e(a); *see also* Regulation E, 12 C.F.R. § 205.10(b).   The term "preauthorized electronic fund transfer" is defined to include not just a single payment, but rather all "electronic fund transfer[s] authorized in advance to recur at substantially regular intervals," and Courts interpreting EFTA have confirmed that only a single written authorization is required for an entire series of recurring transfers.  15 U.S.C. § 1693a(10); *Repay v. Bank of America*, No. 12 CV 10228, 2013 U.S. Dist. LEXIS 168679, at *15 (N.D. Ill. Nov. 27, 2013) ("EFTA does not require that the payee obtain a separate written authorization for each transfer.  Instead, the payee must obtain a single written authorization for the entire series of transfers.").   No reauthorization or notice to the consumer is required for recurring preauthorized transfers, except when the amount of the payments changes or varies.  15 U.S.C. § 1693e(b); *Bultemeyer v. Fitness Alliance, LLC*, No. CV-12-2619, 2014 WL 667585, at *4 (D. Ariz. Feb. 20, 2014); *McNair v. Synapse Group, Inc.*, No. 06-5072, 2009 WL 1873582, at *13-14 (D.N.J. Jun. 29, 2009) (unpublished).   Further, when determining whether written authorization exists for a series of recurring charges, Courts look to the plain terms of the parties' contract; when the contract is "clear and unambiguous, the agreement must be applied as written." *Bultemeyer*, 2014 WL 667585, at *5.

Applying this law to Kratt's claim, it is clear that SeaWorld complied with EFTA in its interactions with Kratt.  Based on the plain language of the Contract, SeaWorld had written authorization from Kratt to collect both the initial 12 monthly payments, and to continue to collect additional monthly payments in the same amount after Kratt's Contract auto-renewed.  Kratt attempts to avoid the written authorization he provided by citing only one of two authorization provisions contained in the Contract.  As Kratt points out, SeaWorld is authorized under the Contract to collect the initial monthly payment, and the remaining 11 payments required for the initial Contract term.   Amended Complaint, at ¶ 79; Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract.   However, the Contract also includes an explicit provision authorizing SeaWorld to collect additional monthly payments after the Contract auto-renews, which Plaintiff Kratt fails to cite in his EFTA claim.  The Contract states:

> EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it.  **I hereby authorize [SeaWorld] to charge my credit card (or any other credit card which I supply [SeaWorld]) for future payments."**

Ex. 2 to Amended Complaint: EZpay Plan Retail Installment Contract (emphasis added).  Thus, read as a whole, the plain and unambiguous meaning of the Contract dictates that Kratt provided written authorization not only for the initial 12-month term of his Annual Pass, but also for "future payments" made to extend his Annual Pass after it automatically renewed.   Because the Contract clearly provides SeaWorld written authorization for the charges it collected, Kratt fails to state a claim for violation of EFTA.  15 U.S.C. § 1693e(a); *see also* Regulation E, 12 C.F.R. § 205.10(b); *see also* *Bultemeyer*, 2014 WL 667585, at *4-*5.

17

Moreover, Kratt makes no allegation that he was entitled to additional notice under EFTA on the grounds that the amount of his payments varied.  Quite to the contrary, Kratt alleged that he was charged 12 monthly payments of $13.28 for the initial term of his Contract, followed by additional monthly payments of $13.28 pursuant to the Contract's automatic renewal term.  Amended Complaint at ¶¶ 40-41, 42, 44 (indicating SeaWorld offered to refund $39.84 for three monthly payments, thus each monthly payment was $13.28), ¶ 46 (indicating that, after auto-renewal, Mr. Kratt was charged a monthly payment in the amount of $13.28).  Thus, Kratt cannot support a claim that SeaWorld was required, and failed, to provide notice prior to varying the amount of a recurring charge.  15 U.S.C. § 1693e(b); *Bultemeyer*, 2014 WL 667585, at *4; *McNair*, 2009 WL 1873582, at *13-14.

Because Kratt provided SeaWorld written authorization to charge his debit card for recurring monthly payments after this Contract automatically renewed, Kratt fails to state a claim for a violation of EFTA and his EFTA claim should be dismissed with prejudice.

## CONCLUSION

As described in more detail above, Plaintiffs' Amended Complaint fails to state a valid claim for breach of contract, unjust enrichment, or a violation of EFTA.  First, Plaintiffs' claim for breach of contract fails because the unambiguous meaning of the Contract dictates that Plaintiffs purchased Annual Passes to be paid for in 12 monthly payments.  There is therefore no question that Plaintiffs were subject to the automatic renewal provisions of the Contract with SeaWorld.  Nor is there any question that, by its

terms, the Contract automatically renewed on a month-to-month basis.  Because Plaintiffs point to no other conduct by SeaWorld that allegedly violates the Contract, Plaintiffs' Amended Complaint fails to state a claim for breach of contract upon which relief can be granted.  Likewise, Plaintiffs' Amended Complaint fails to state a claim for unjust enrichment because Florida does not permit unjust enrichment claims where, as here, the factual predicate for the unjust enrichment claim is identical to that of a plaintiff's contract claim.  Moreover, Plaintiffs fail to allege that either Party denies the existence of a Contract, which is fatal to their unjust enrichment claim.  Finally, Plaintiff Kratt's claim for violation of the Electronic Funds Transfer Act fails because Mr. Kratt provided written authorization for recurring payments to continue following automatic renewal of his Contract, and makes no allegation that those payments varied in amount.

For the foregoing reasons, SeaWorld respectfully requests that this Court dismiss Plaintiffs' Amended Compliant with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

US.55668375.02

Respectfully submitted this 4th day of February, 2015.


*/s/ Ann E. Prouty*

Colin C. Deihl
Colorado Bar No. 19737
Ann E. Prouty
Colorado Bar No. 41322
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado 80203
Telephone:      (303) 607-3500
Fascimile:      (303)607-3600
E-mail:          colin.deihl@faegrebd.com
                 ann.prouty@faegrebd.com

Christopher T. Hill
Florida Bar No. 0868371
390 North Orange Avenue, Suite 1610
Orlando, Florida  32801
Telephone:      (407) 926-7460
Facsimile:      (407) 926-7461
Email:          chill@hrkmlaw.com

Attorneys for Defendant,
SeaWorld Parks & Entertainment, Inc.

## __Certificate of Service__

I hereby certify that on February 4, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Ann Prouty*
Ann Prouty