**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON HERMAN, WILLIAM COHEN,**
**AND JOEY KRATT,**
*as individuals and on behalf of*
*all others similarly situated,*

                                                       **Case No.  8:14-cv-03028-MSS-EAJ**

       Plaintiff,

v.

**SEAWORLD PARKS &**
**ENTERTAINMENT, INC.,**

       Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S DISPOSITIVE**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Plaintiffs, Jason Herman, William Cohen, and Joey Kratt, respond to SeaWorld Parks &

Entertainment, Inc.'s ("SeaWorld") Motion to Dismiss the Amended Complaint (Doc. 30).

**I.**      **INTRODUCTION**

      Plaintiffs claim that SeaWorld violated the terms of their EZ Pay Plan form contracts for

park passes by automatically renewing the contracts and charging additional monthly fees

without authorization.  The validity of these claims turns entirely on whether the Plaintiffs paid

for their park passes in "less than 12 months."  For purposes of this Response, hereinafter the

Plaintiffs' and putative class members' form EZ Pay Plan contracts shall be referred to singularly

as the "Subject Contract."  The Subject Contract states:

> **EXCEPT FOR ANY PASSES PAID IN LESS THAN 12**
> **MONTHS, THIS CONTRACT WILL RENEW**
> **AUTOMATICALLY ON A MONTH-TO-MONTH BASIS**
> **FOLLOWING THE PAYMENT PERIOD until I terminate it.**

1

(Doc. 26, ¶ 11).

"Twelve months has been commonly understood and consistently interpreted to mean one year and the computation of both time periods should be governed by the same principles." *Simmons v. Firestone Tire & Rubber Co.*, 747 F.Supp. 1256, 1257 (W.D. Tenn. 1990).  "A year is generally defined as consisting of twelve months or 365 days and the months or days are consecutive."  *Id.* (citing *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del.Super.Ct. 1978)).  A year or 52 weeks or 365 days are all synonymous with and equal to 12 months.  Anything less than a year, less than 52 weeks, or less than 365 days is less than 12 months.

Mr. Herman purchased his pass on March 18, 2013 and had paid the full purchase price by February 18, 2014.  Therefore, he paid for the pass in less than 12 months.  Specifically, he paid for the pass in eleven months, or in 48 weeks, or in 338 days.  Mr. Cohen purchased his pass on March 16, 2013 and had paid the full purchase price by February 16, 2014.  Therefore, he paid for the pass in less than 12 months.  Specifically, he paid for the pass in eleven months, or in 48 weeks, or in 338 days.  Mr. Kratt purchased his pass on January 22, 2013 and had paid the full purchase price by December 20, 2013.  Therefore, Mr. Kratt paid for his pass in less than 12 months.  Specifically, he paid for the pass in 10 months and 29 days, or in 47 weeks, or in 333 days.  No matter how the time is counted, each Plaintiff fully paid the purchase price of his pass *in less than 12 months*.

SeaWorld did not have the contractual authority to automatically renew the Subject Contract for "passes paid in less than 12 months."  Each of the Plaintiffs and each similarly situated member of the class paid their passes in less than 12 months.  SeaWorld breached the

Subject Contract by renewing these passes and automatically debiting additional money from Plaintiffs and the putative class members without the contractual authority to do so.

SeaWorld argues that 12 months and 12 payments are the same.  The following example illustrates the difference between counting months and counting payments:  My daughter was born on November 2, 2009.  On October 2, 2010, she was eleven months old.  She was less than twelve months old.  If I put a dollar in a jar on the day she was born, and on the 2nd of each following month, I would have 12 dollars by October 2, 2010.  This would still not transform my daughter into a twelve-month-old child on October 2, 2010.  Likewise, the eleven (or less) months in which the Plaintiffs paid their passes was not transformed into 12 months just because 12 different payments were made.

## II.    BACKGROUND

Plaintiffs' First Amended Complaint alleges that SeaWorld engaged in a systematic practice of automatically renewing Plaintiffs' and the putative class members' EZ Pay Plan Contracts without contractual authorization.  The Subject Contract, which was drafted solely by SeaWorld, articulates and expressly limits SeaWorld's right to automatically renew as follows:

> **EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it.**

(Doc. 26, ¶ 11).

The sales price for Mr. Herman's passes totaled $424.80.  (Doc. 26, ¶ 29, Doc. 26-2). Mr. Herman fully paid the sales price of his passes in exactly eleven months (pass purchased on March 18, 2013, fully paid on February 18, 2014).  (Doc. 30, ¶¶ 10-11).  The sales price for Mr. Cohen's passes also totaled $424.80.  (Doc. 26, ¶ 38).  Mr. Cohen fully paid the sales price of his passes in exactly eleven months (pass purchased on March 16, 2013, fully paid on February 16,

2014).  (Doc. 30, ¶¶ 15-16).  The sales price for Mr. Kratt's passes totaled $159.36.  (Doc. 26, ¶ 40).  Mr. Kratt fully paid the sales price of his passes in less than eleven months (pass purchased on January 22, 2013, fully paid on December 20, 2013).  (Doc. 30, ¶¶ 20-21).  Each of the Plaintiffs paid for his respective pass in less than 12 months.

Nonetheless, SeaWorld requests that this Court dismiss Plaintiffs' and the putative class's claims, arguing that "paid in less than 12 months" does not refer to the actual time in which the price of passes was paid.  SeaWorld contends that passes paid in eleven months (or less than eleven months in Kratt's case) should be considered paid in twelve months instead.  SeaWorld might as well argue that the sum of two plus two should be considered five.

As SeaWorld construes it, the actual time in which the consumers fully paid for their passes is irrelevant and the Court should only consider the number of installment payments made by the consumers (regardless of when).  SeaWorld could have written its contract to provide an exception "for any passes paid in less than 12 installments," but SeaWorld did not write its contract that way.  The Court must not rewrite the contract to add meaning not originally present.  The Plaintiffs paid their passes in eleven months (or less).  Eleven months is less than twelve months.  Therefore, SeaWorld had no authority to renew the passes.  By doing so, SeaWorld breached its contract and, accordingly, its Motion to Dismiss should be denied.

III.   **LEGAL STANDARD**

Both SeaWorld and the Plaintiffs agree that the Subject Contract is clear and unambiguous.  SeaWorld wants the Subject Contract interpreted at the motion to dismiss stage, as do the Plaintiffs.  In this context, where a contract's terms are unambiguous (as they are here), a court may properly consider a motion to dismiss for failure to state a claim for breach.  *See Sarria Holdings, Inc. v. Walgreen Co.*, Case No. 02-cv-23169, 2003 WL 1528711, at *2 (S.D.

Fla. Jan. 31, 2003) ("[T]his court can look to the contract itself and determine if it speaks to the issues in dispute.  If the contract covers plaintiff's claims in clear and unambiguous language, then plaintiff's ability to state a claim upon which relief may be granted, thus surviving this motion to dismiss, depends on the specific terms of the contract, which the court analyzes as a matter of law."); *By George, LLC v. Hurricane Shooters, LLC*, Case. No. 8:10-cv-1894, 2012 WL 50498, at *5 (M.D. Fla. Jan. 9, 2012) (enforcing unambiguous settlement language on motion to dismiss).

## IV.   ARGUMENT

### A.      The Subject Contract is Clear:  Eleven Months Is "Less than 12 Months."

In its Motion to Dismiss, SeaWorld argues that the exception to the automatic renewal clause for "any passes paid in less than 12 months," does not apply to the Plaintiffs, who each paid their passes in eleven months or less.  SeaWorld contends that the number of installment payments listed in the Contract dictate whether SeaWorld was authorized to automatically renew the Subject Contract, regardless of when those payments were made.  In other words, SeaWorld argues "paid in less than 12 months" means "paid in less than 12 installments."  Plaintiffs contend that "paid in less than 12 months" means "paid in less than 12 months."  Plaintiffs' interpretation requires the contract to be read *exactly* as it is written.  SeaWorld's interpretation requires the contract to be rewritten to add new meaning.  "[I]t is well settled that when the terms of a voluntary contract are clear and unambiguous, the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties."  *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001).

Instead of rewriting contracts, courts must "give effect to the plain language of contracts when that language is clear and unambiguous." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1242 (11th Cir. 2009) (internal quotation marks, footnote, and citations omitted).  The relevant language here is clear and unambiguous:

> **EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it.**

This is the *only provision* in the Subject Contract that dictates the parties' rights and duties regarding auto-renewal.  There is no mention of the number of installments in this provision.  Rather, read plainly, the provision does not permit SeaWorld to renew passes that are "paid in less than 12 months."  Applying the plain meaning of this phrase, only one question needs to be asked to determine whether SeaWorld was authorized to renew the contract: How long did it take to pay the full price of the pass?

After the full sale price of the pass is paid, it is a simple matter of calculating the number of months that passed between the date of purchase and final payment.  For anything less than 12 months, SeaWorld had no right to renew the Subject Contract.  Although it should go without saying, a month is "a period of time from any day of any month to the corresponding day of the next month." *Greer v. Estate of Smith*, 342 So. 2d 1007, 1010 (Fla. 4th DCA 1977).  To determine whether an event has occurred within a set number of months, "the period should be calculated by excluding the day on which the petition was filed and counting back so as to include the corresponding day of the fourth preceding month." *In re B & M Contractors, Inc.*, 2 B.R. 110, 113 (N.D. Ala. 1979) (calculating whether a petition was filed in four months).  "In computing a prescribed period of months, a part of a calendar month is not counted as constituting one month." 86 C.J.S. Time § 8.  Consistent with this reasoning, a Florida court

determined that "ten months from September 17, 1975 expired at midnight on July 17, 1976." *Ludwig v. Glover*, 357 So. 2d 233, 237 (Fla. 1st DCA 1978).  Similarly, the Sixth Circuit Court of Appeals concluded that the period of time between June 4, 1992 and May 24, 1993 was "less than 12 months."  *United of Omaha Life Ins. Co. v. Rex Roto Corp.*, 126 F.3d 785, 787 (6th Cir. 1997).  The periods of time in this case are shorter.

Counting back from when the passes were paid in full, Mr. Herman paid in eleven months,[1] Mr. Cohen paid in eleven months, and Mr. Kratt paid in in ten months and 29 days. Each duration is less than twelve months.  No logical gymnastics are required to reach this conclusion.  Therefore, SeaWorld did not have the contractual right to renew the Plaintiffs' passes, but did it anyway.

SeaWorld's argument that the Plaintiffs' passes "by definition . . . could not be 'PASSES PAID IN LESS THAN 12 MONTHS'" also is contradicted by the language of the contract. (Doc. 30, p. 11).  SeaWorld's interpretation ignores the term "ANY," which is used to describe the types of passes that may be exempted from auto-renewal.  By writing its contract to exempt "**any** passes paid in less than 12 months" from automatic renewal, SeaWorld contemplated that any pass could be paid in less than 12 months, regardless of the duration of the pass or the number of installment payments.  Each pass here was paid in less than 12 months.  SeaWorld's interpretation of the Subject Contract would ignore all meaning attributed to the word "ANY." As the Eleventh Circuit has recognized, however, contracts must be read "to give meaning to each and every word it contains, and . . . avoid treating a word as redundant or mere surplusage if

---

[1] Mr. Herman entered into the Subject Contract and his pass became effective on March 18, 2013.  One month had passed as of April 18, 2013.  Two months had passed by May 18, 2013. So long as full payment was received before March 18, 2014, the pass was paid in less than 12 months.  On February 18, 2014, after only eleven months, Mr. Herman paid his pass.

any meaning, reasonable and consistent with other parts, can be given to it." *Equity Lifestyle Props., Inc.*, 556 F.3d at 1242.

Reading the Subject Contract as a whole further disproves SeaWorld's premise that the number of anticipated installment payments defines whether a pass is "paid in less than 12 months." Under the Subject Contract, Plaintiffs were permitted to "prepay [their] outstanding balance at any time." Accordingly, the contract expressly contradicts SeaWorld's contention that the contracts "by definition, could not be passes paid in less than 12 months."

If SeaWorld wished to draft the Subject Contract to be consistent with its Motion to Dismiss, it easily could have done so. For example, SeaWorld could have permitted auto-renewals "except for passes paid in less than 12 installments." Alternatively, SeaWorld could simply have drafted the Subject Contract to say "all annual passes will be automatically renewed" or "all passes paid in twelve installments will be automatically renewed." Instead, SeaWorld drafted the Subject Contract so that "any passes paid in less than 12 months" would not be automatically renewed. Plaintiffs paid their pass in less than twelve months. Under the Subject Contract as SeaWorld drafted it, Plaintiffs are therefore exempt from auto-renewal. SeaWorld breached the contract by renewing it without the contractual right to do so, and SeaWorld's Motion should be denied.

### B.     The Claim for Unjust Enrichment Should Be Dismissed Without Prejudice.

Plaintiffs agree that the unjust enrichment claim, as drafted, relies on the same facts that support the breach of contract claim. Accordingly, Plaintiffs agree that it should be dismissed. The dismissal should be without prejudice. As SeaWorld states in its Motion, an unjust enrichment claim may only be plead "if one or more parties contest the existence of an express contract governing the subject of the disputes." (Doc. 30, pp. 13-14). Although Plaintiffs do not

8

dispute that the Subject Contract governs this case, the other party, SeaWorld, has not yet Answered the Complaint.  The Plaintiffs should not be forever precluded from stating a claim for unjust enrichment in the unlikely event that SeaWorld contests the existence of the Subject Contract.

> **C.**  **SeaWorld did not have the Contractual Authority to Automatically Renew Contracts for "Passes Paid in Less than 12 Months."  Thus, Mr. Kratt's EFTA Claim Survives.**

The Electronic Funds Transfer Act ("EFTA") protects consumers against unauthorized electronic fund transfers.  15 U.S.C. § 1693 *et seq*.  Mr. Kratt made a claim under the EFTA because SeaWorld initiated a different transfer not authorized by the Subject Contract after he had paid his pass in full in less than 12 months.  SeaWorld contends that Mr. Kratt's EFTA claim fails as a matter of law because "SeaWorld had written authorization to collect monthly payments from Kratt **after his Contract automatically renewed.**"  (Doc. 30 p. 16 (emphasis added)).  SeaWorld contends that it was preauthorized by the contract to electronically debit Mr. Kratt's bank account after the contract purportedly auto-renewed.  Like the breach of contract claim, the EFTA claim rests entirely on whether Mr. Kratt's contract was subject to auto-renewal.  If the contract renewed, then SeaWorld did not violate the EFTA.  If the contract did not renew, SeaWorld lacked authority to debit Mr. Kratt's bank account and, by initiating a different transfer not authorized by the Subject Contract, SeaWorld violated the EFTA.  *See O'Brien v. Landers*, Case No. 1:10-cv-027652011, WL 221865, at *2 (N.D. Ill. Jan. 24, 2011) (defendant initiated a different transfer not authorized by the parties' original preauthorization agreement).

In its Motion to Dismiss, SeaWorld relies upon *Repay v. Bank of America, N.A.*, Case No. 12-cv-10228, 2013 WL 6224641 (N.D. Ill. 2013).  *Repay*, however, did not involve a defendant

initiating a different transfer not authorized by the parties' original preauthorization agreement. *Id.* at *4. In fact, the court in *Repay* contemplated that a claim like Kratt's claim could be actionable:

> Plaintiff's construction may make sense for some types of EFTA claims. However, the allegations in this action (and *Wike*) are distinguishable from those cases where the plaintiff alleges, for instance, that *the defendant initiated a different transfer not authorized by the parties' original agreement. See O'Brien v. Landers*, 2011 WL 221865 (N.D. Ill. 2011) . . . As another court in this district previously explained, the *O'Brien* plaintiff sued the defendant for *"abusing an existing preauthorization by debiting charges that fell outside the scope of its agreement with the consumer." Sharkey v. NAC Marketing Co.*, 2012 WL 5967409, at *4 (N.D. Ill. 2012).

*Repay v. Bank of America, N.A.*, at *4. (Emphasis added).

Additionally, SeaWorld's reliance on *Bultemeyer v. Fitness Alliance, LLC*, Case No. 12-cv-2619, 2014 WL 667585 (D. Arizona 2014) is misplaced. The main issue in *Bultemeyer* was whether defendant made preauthorized electronic fund transfers which varied in amount. Among other things, the court concluded that there was "not evidence that [defendant] debited any fee or other charge not expressly disclosed and preauthorized in the parties' membership agreements." In the present matter, it is clear that once Mr. Kratt's pass was paid in less than 12 months, SeaWorld did not have the right to automatically renew the Subject Contract. As such, SeaWorld did not have preauthorization to debit Mr. Kratt's checking account on a recurring basis.

As SeaWorld correctly points out, when a contract is "clear and unambiguous" courts look to the plain terms of the contract in determining whether written authorization exists for recurring electronic fund transfers. (Doc. 30 p. 16). Here, Mr. Kratt entered into the Subject Contract, which clearly provides "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY." Mr. Kratt entered into

the Subject Contract on January 22, 2013.  As discussed above, Mr. Kratt's twelfth payment was made on December 20, 2013, which is two days short of eleven months.  As such, SeaWorld did not have the contractual authority to automatically renew Mr. Kratt's contract because it was paid in less than 12 months.  In sum, SeaWorld did not have authority to charge the accounts of Mr. Kratt and the EFTA Class Members after the contract was paid in less than 12 months. Accordingly, Mr. Kratt has stated a claim for a violation of the EFTA and SeaWorld's Motion to Dismiss should be denied.

## V.  <u>CONCLUSION</u>

The Subject Contract must be construed according to its plain meaning.  SeaWorld's interpretation of the Subject Contract is not reasonable because it is not supported by the Contract's plain language, it requires the Court to ignore or omit meaningful terms, and it does not comport with a reasonable reading of the Contract as a whole.  Simply put, any contractual interpretation is unreasonable when it requires eleven months to be anything other than "less than 12 months."

Plaintiffs and all of the putative class members fully paid their passes – from the date of purchase to final payment – in eleven months (or less).  Eleven months is less than twelve months.  Therefore, Plaintiffs' and all of the putative class members' passes were "PAID IN LESS THAN 12 MONTHS."  As a result, SeaWorld did not have contractual authority to automatically renew Plaintiffs' and the putative class members' passes and continue charging monthly fees.  SeaWorld's decision to do so anyway was a breach of the Subject Contract and a violation of the EFTA.

For the foregoing reasons, SeaWorld's Motion to Dismiss should be denied.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2015, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system.

Respectfully submitted by:

*/s/Paul R. Fowkes*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Disparti Law Group, P.A.
2154 Duck Slough Blvd., Ste. 101
Trinity, FL 34655
(813) 221-0500
(727) 943-3203 (Facsimile)