UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JASON HERMAN,**
**WILLIAM COHEN, and**
**JOEY KRATT**
*as individuals and on behalf of*
*all others similarly situated,*

                                                    **Case No.  8:14-cv-03028-MSS-EAJ**

        Plaintiff,

   v.

**SEAWORLD PARKS &**
**ENTERTAINMENT, INC.,**

        Defendant.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**
**AND INCORPORATED MEMORANDUM OF LAW**

        Plaintiffs, Jason Herman, William Cohen and Joey Kratt (collectively, "Plaintiffs"),

by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure

12(f), move to strike Defendant, SeaWorld Parks & Entertainment, Inc.'s ("SeaWorld"),

affirmative defenses and state as follows:

**I.        BACKGROUND**

        Plaintiffs filed their First Amended Class Complaint ("FAC") on January 21, 2015

(Doc. 26).  In their FAC, Plaintiffs alleged three causes of action:  (1) Breach of Contract; (2)

Unjust Enrichment; and (3) Violations of the Electronic Funds Transfer Act, 15 U.S.C. §§

1693 *et seq.* ("EFTA").  SeaWorld filed a Motion to Dismiss the Amended Complaint on

February 2, 2015, arguing that Plaintiffs have failed to state a claim upon which relief may be

granted (Doc. 30).  The Court resolved SeaWorld's Motion to Dismiss on March 5, 2015 after oral argument (Doc. 37).[1]  Specifically, the Court approved Plaintiffs' stipulation to dismiss the Unjust Enrichment claim *without prejudice* and denied SeaWorld's Motion with regard to the remaining Breach of Contract and EFTA claims.  The Court expressly addressed SeaWorld's contention that Plaintiffs had failed to state a claim upon which relief may be granted, stating:

> **Well, the motion to dismiss is denied because, at any rate, there certainly is a justiciable issue about what Sea World intended and promulgated by this provision.  And I can't imagine that anyone with a straight face can say that the complaint has no justiciable issue in it . . .**

(Hr'g Tr. 20:16-20, March 5, 2015), attached as **Exhibit A**.

During the hearing the Court also addressed SeaWorld's Motion for Scheduling Order Bifurcating Discovery ("Motion to Bifurcate") (Doc. 23).  Through its Motion to Bifurcate, SeaWorld contends that Plaintiffs should not be entitled to any merits-related discovery until after the Court has ruled upon class certification.  Plaintiffs, however, are unaware of any pure merits-based documents that may exist, other than the subject EZ Pay contract, which is attached to the FAC.  At the time of the hearing, SeaWorld had not yet filed its Answer and Affirmative Defenses.  Plaintiffs argued that, at a minimum, SeaWorld's Motion to Bifurcate should be denied until SeaWorld's Affirmative Defenses are filed so that the parties can have a clear understanding of the factual basis for SeaWorld's defenses.  Without a basic understanding of the factual basis for SeaWorld's Affirmative Defenses,

---

[1] The Motion was granted as to Plaintiffs' Unjust Enrichment claim only.   Plaintiffs conceded that Defendant's EZ Pay contract encompasses the relief requested and, therefore, Plaintiffs' Breach of Contract claim is the appropriate avenue for relief.

Plaintiffs would be left guessing as to whether the Defenses attack class certification or the merits of Plaintiffs' claims.  The Court denied SeaWorld's Motion to Bifurcate as premature, stating that

> **We will reconsider the motion once the answer is filed to determine the extent to which there is any discovery that might be subject to bifurcation that is not pertinent to Class certification, but only pertinent to some sort of merits-based discussion.**

(Hr'g Tr. 40:22-41:1); *see also* Doc. 37.

SeaWorld filed its Answer and Affirmative Defenses on March 19, 2015 (Doc. 40). Unfortunately, the asserted Affirmative Defenses are comprised of bare-bones, conclusory statements and doctrine labels without any factual basis whatsoever.  Each of the Affirmative Defenses fails to provide Plaintiffs with fair notice of the nature and grounds upon which the defenses are based.  Thus, Plaintiffs are still left guessing as to the factual basis of SeaWorld's Affirmative Defenses and whether those defenses are merit-based or class-based. Further, SeaWorld's Fourth and Sixth Affirmative Defenses co-mingle multiple doctrines in a single defense.  Finally, SeaWorld's First Affirmative Defense regurgitates the theory of its Motion to Dismiss, which the Court has already denied.  Accordingly, SeaWorld's Affirmative Defenses should be stricken.

## II.    ARGUMENT

### A.    LEGAL STANDARD

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A court may strike an affirmative defense if it is insufficient as a matter of law. *Wlodynski v. Ryland Homes of Fla.*

*Realty Corp.*, Case No. 8:08-cv-361, 2008 WL2783148, at *1 (M.D. Fla. July 17, 2008). An affirmative defense is insufficient as a matter of law if "it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *Equal Employment Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir.1980).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and state a plausible defense, *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[2] Affirmative defenses must offer more than "labels and conclusions" or a "formulaic recitation" of the elements of the defense. *Iqbal*, 556 U.S. at 678; *see also Paylor v. Hartford Fire Ins. Co*., Case No. 13-12696, 2014 WL 1363544 at *7 (11th Cir. Apr.8, 2014) (pleadings lacking specific factual allegations must be *sua sponte* stricken). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones

---

[2] District courts within the Eleventh Circuit have recognized that there is a split of authority as to whether the heightened pleadings requirements of *Twombly* and *Iqbal* apply to pleading affirmative defenses. The Eleventh Circuit has not yet addressed this issue. Numerous recent decisions from the Middle District of Florida have applied the pleading requirements of *Twombly* and *Iqbal* when addressing motions to strike affirmative defenses. *See, e.g., Schmidt v. Synergentic Communications, Inc*., Case No. 2:14-cv-539, 2015 WL 997828 (M.D. Fla. Mar. 5, 2015); *FDIC v. Bayer*, Case No. 2:13-cv-752, 2015 WL 686952 (M.D. Fla. Feb. 18, 2015); *Spellberg v. New York Life Ins. Co*., Case No. 2:13-cv-691, 2014 WL 7219441 (M.D. Fla. Dec. 17, 2014); *Malibu Media, LLC v. Zumbo*, Case No. 2:13-cv-729, 2014 WL 2742830 (M.D. Fla. June 17, 2014); *Parker v. Dela, Inc*., Case No. 8:14-cv-353, 2014 WL 1921771 (M.D. Fla. May 13, 2014). While Plaintiffs contend that the heightened pleading requirements of *Twombly* and *Iqbal* apply, SeaWorld's Affirmative Defenses recite mere "bare bones conclusory allegations" and, thus, must be stricken even under pre-*Twombly* standards. *See Microsoft*, 211 F.R.D. at 684.

conclusory allegations, it ***must*** be stricken." *Microsoft Corp. v. Jesse's Computers & Repair, Inc*., 211 F.R.D. 681, 684 (M.D.Fla.2002) (internal quotations omitted) (emphasis added).

**B.    SEAWORLD'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN IN THEIR ENTIRETY**

Both before and after *Twombly*, courts have consistently required that affirmative defenses allege more than conclusory allegations and bare bones labels.  *See, e.g., Microsoft*, 211 F.R.D. at 684; *Iqbal*, 556 U.S. at 679.   In this case, SeaWorld has asserted seven Affirmative Defenses, which even under the most deferential and creative of readings do not meet that minimum threshold.  Essentially, each of SeaWorld's Affirmative Defense states: "Plaintiffs' claims are barred by [INSERT TITLE OF LEGAL DOCTRINE]."  Simply put, SeaWorld fails to allege any factual basis for any of the Affirmative Defenses that would place the Plaintiffs on notice as to how any of the defenses actually apply in this case.  From a pleadings standpoint, SeaWorld's Affirmative Defenses are legally deficient and must be stricken.

Given SeaWorld's pending Motion to Bifurcate, however, this pleading deficiency becomes more than a mere technicality.  SeaWorld has requested in its Motion to Bifurcate that the Court prevent Plaintiffs from obtaining discovery regarding the merits of the case.  SeaWorld's Affirmative Defenses, however, do not provide Plaintiffs with notice of how SeaWorld actually intends to defend the case.  Specifically, Plaintiffs are unable to determine by SeaWorld's pleading which defenses are designed to attack merits and which are designed to attack class certification.  Without at least some notice regarding the factual basis for its Affirmative Defenses, SeaWorld has free reign to make "merit-based" objections to Plaintiffs' discovery requests directed to its Affirmative Defenses.  Meanwhile, Plaintiffs

have no way of substantively contesting the veracity of such objections because of the bare bones nature of the alleged defenses.  This concern is not theoretical in nature or a mere possibility; SeaWorld has already made such objections in its initial disclosures.  Indeed, when disclosing the names of potential witnesses and the documents that SeaWorld intends to use to defend the action, SeaWorld asserted the following objection:

> **Pending a decision of Defendant's Motion to Bifurcate and/or a Scheduling Order addressing discovery bifurcation, Defendant is not providing information related to the merits of any claims of the putative class action.**

*See* Defendant's Initial Disclosures Pursuant to Federal Rules of Civil Procedure 26(a)(1), attached as **Exhibit B**.

By asserting bare bones Affirmative Defenses in the wake of its pending Motion to Bifurcate, Plaintiffs are unclear as to how SeaWorld intends to defend the case and uncertain as to which Defenses apply to merits vs. class certification.  SeaWorld's pleading tactics, if permitted, will directly prejudice Plaintiffs and will likely lead to an increase in discovery motions and litigation.  If SeaWorld truly believes it has seven viable affirmative defenses to pursue in this matter, it must give Plaintiffs at least some notice of how they apply.

Accordingly, SeaWorld's Affirmative Defenses should be stricken in their entirety.

### C.  SEAWORLD'S AFFIRMATIVE DEFENSES ARE BARE-BONES, CONCLUSORY, AND INSUFFICIENT AS A MATTER OF LAW

In addition to the foregoing reasons, each of SeaWorld's Affirmative Defenses are, individually, insufficient as a matter of law and must be stricken.  Courts in the Eleventh Circuit simply do not permit parties to plead such bare bones, conclusory defenses identified solely by a label.  *See Microsoft*, 211 F.R.D. at 684; *Groves v. Patricia J. Dury, M.D., P.A.*,

Case No. 2:06-cv-338, 2006 WL 2556944 at *2 (M.D. Fla. Sept. 1, 2006) (striking affirmative defense of unclean hands where the defendant's assertions "sets forth no facts" and was "insufficiently pled"); *Meridian of Palm Beach Condo. Assoc., Inc., v. QBE Ins. Corp.*, Case No. 06-cv-81108, 2007 WL 1364334 at *2 (S.D. Fla. May 8, 2007) (striking affirmative defense of failure to comply with conditions precedent as a "conclusory bare-bones allegation"); *Home Mgmt. Solutions, Inc., v. Prescient, Inc*., Case No. 07-cv-20608, 2007 WL 2412834 at *4 (S.D. Fla. Aug. 21, 2007) (striking affirmative defenses of unclean hands and setoff where the affirmative defenses lacked "any supporting facts or the elements of the defense"); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc*., Case No. 04-cv-60861, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (recommending that affirmative defenses of failure to state a claim, failure to mitigate damages, waiver and estoppel, and unclean hands be stricken without prejudice, because each of these affirmative defenses contained only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").

### 1.  SEAWORLD'S FIRST AFFIRMATIVE DEFENSE

As its First Affirmative Defense, SeaWorld alleges:

**Plaintiffs have failed to state claims upon which relief may be granted.**

This defense must be stricken as a matter of law.  It is precisely the argument that SeaWorld asserted in its Motion to Dismiss.  The Court has already ruled upon that Motion and, in denying it, expressly stated "I can't imagine that anyone with a straight face can say that the complaint has no justiciable issue in it . . .."  (Hr'g Tr. 20:18-20).

In fact, even if the Court had not already ruled upon this issue, the Defense would be insufficient as a matter of law because it is a mere regurgitation of the standard for a motion to dismiss. *See In re Rawson Food Serv. Inc*., 846 F.2d 1343, 1349 (11th Cir.1988); *Long v. Baker*, 37 F.Supp.3d 1243, 1251 (M.D. Fla. Aug. 7, 2014) (striking an identical affirmative defense and stating "[t]he Eleventh Affirmative Defense alleges Plaintiffs failed to state a claim upon which relief may be granted merely points out a defect in Plaintiff's prima facie case and does not state an affirmative defense"); *Valdez v. Smith Desheilds, Inc*., Case No. 08-cv-80209, 2008 WL 4861547 at *2 (S.D. Fla. Nov. 10, 2008) ("This defense is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6). It is a bare-bones conclusory allegation that fails to notify Plaintiff of the deficiencies in the complaint"); *see also Renalds v. S.R.G. Restaurant Group*, 119 F.Supp 2d 800, 803-04 (N.D. Ill. 2000) (simply reciting the standard for dismissal under Rule 12(b)(6) is an abdication of a party's responsibility for alleging the basic facts demonstrating an entitlement to relief); *Merrill Lynch*, 2005 WL 975773, at *11.  There is simply no set of facts under which SeaWorld could prevail on this defense.

Thus, SeaWorld's First Affirmative Defense should be stricken.

## 2.   SEAWORLD'S SECOND AFFIRMATIVE DEFENSE

As its Second Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred by the doctrine of accord and satisfaction.**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations" which asserts merely a doctrine label. *Microsoft*, 211 F.R.D. at 684.  From a pleading standpoint, the Affirmative Defense is legally deficient.

Further, given that Plaintiffs have excluded all individuals that received full refunds from SeaWorld for amounts charged after their one-year passes were paid in full, there is no set of facts under which this defense could potentially apply.  *See* FAC ¶ 50.[3]

Thus, SeaWorld's Second Affirmative Defense should be stricken.

### 3.   SEAWORLD'S  THIRD AFFIRMATIVE DEFENSE

As its Third Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred by the doctrine of compromise and settlement.**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations" which asserts merely a doctrine label. *Microsoft*, 211 F.R.D. at 684.  SeaWorld's Third Affirmative Defense is legally deficient.

### 4.   SEAWORLD'S FOURTH AFFIRMATIVE DEFENSE

As its Fourth Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred by the doctrines of waiver and estoppel.**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations" which asserts merely a doctrine label. *Microsoft*, 211 F.R.D. at 684.  Federal courts have routinely stricken affirmative defenses that are alleged simply by the labels "waiver and estoppel." *See, e.g., Wlodynski v. Ryland*

---

[3] SeaWorld's counsel mentioned in oral argument that one of the class representatives, Jason Herman, received a full refund and, therefore, would not be a "typical" representative of the class.  Mr. Herman's account, however, was credited (without his knowledge or authority) only *AFTER* the lawsuit was filed in this case.  Prior to filing the lawsuit, Mr. Herman requested that SeaWorld refund the improper renewal charges and SeaWorld refused. SeaWorld's post-suit credit to Mr. Herman's account was not a matter of good, honest customer service; it was an improper attempt to pick off Mr. Herman as a class representative and destroy the class.  The Eleventh Circuit prohibits such conduct.  *See Stein v. Buccaneers Limited Partnership*, 772 F.3d 698 (11th Cir. 2014).  In any event, Mr. Herman has informed SeaWorld that he rejects the improper, post-suit, credit.

*Homes of Florida Realty Corp*., Case No. 8:08-cv-361, 2008 WL 2783148 at *1 (M.D. Fla. July 17, 2008); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc*., Case No. 04-cv-60861, 2005 WL 975773 (S.D.Fla.2005); *Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp*. 191 F.R.D. 568, 570 (N.D. Ill. 1999).

Further, this Defense improperly comingles distinct legal theories.  Estoppel and waiver, while related, require proof of different elements.  Each defense is a separate and unique legal theory.  Indeed, the Florida Supreme Court recently addressed the differences between these two claims, stating:

> While waiver is sometimes viewed as related to estoppel, the two doctrines are founded on different principles and are considered distinct:  Estoppel is designed to prevent fraud and injustice. In contrast, waiver is the intentional relinquishment, express or implied, of a known right. Although closely related, the doctrines of estoppel and waiver frequently are confused. Waiver operates to "estop" one from asserting that upon which he otherwise might have relied, but it is not a true estoppel. Waiver does not require detrimental reliance.

*DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 97-98 (Fla. 2013) (*citing SourceTrack, LLC v. Ariba, Inc*., 958 So.2d 523, 526–27 (Fla. 2d DCA 2007); *see also* 22 Fla. Jur.2d, Estoppel and Waiver § 31 ("Waiver involves the act and conduct of only one of the parties, but equitable estoppel involves the conduct of both parties. Estoppel frequently carries the implication of fraud, but waiver never does.").  By asserting two distinct legal theories by title only, without any factual allegations, SeaWorld has failed to put Plaintiffs on notice as to how their asserted defenses could ever possibly apply in this case.  *See, e.g., Merrill Lynch*, Case No. 04-cv-60861, 2005 WL 975773, at *12 (recommending that the affirmative defenses of waiver and estoppel be stricken for alleging only "a bare-bones

conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand").

Thus, SeaWorld's Fourth Affirmative Defense should be stricken.

### 5.  SEAWORLD'S FIFTH AFFIRMATIVE DEFENSE

As its Fifth Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred, in whole or in part, by their failure, neglect, or refusal to mitigate their damages, which bars or diminishes any potential recovery.**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations . . .." *Microsoft*, 211 F.R.D. at 684. SeaWorld does not even attempt to assert any facts to explain how the doctrine of mitigation of damages could apply in this case.

Further, this defense could never apply given the nature of the claims asserted. The doctrine of mitigation of damages has been defined as:

> The principle requiring a plaintiff, after an injury or breach of contract, to make reasonable efforts to alleviate the effects of the injury or breach. If the defendant can show that the plaintiff failed to mitigate damages, the plaintiff's recovery may be reduced.

BLACK'S LAW DICTIONARY 1093 (9th ed. 2009).

This is not a case where the defendant committed a single breach and the victims failed to make reasonable efforts to alleviate the consequential, detrimental effects. Plaintiffs claim that SeaWorld affirmatively deducted money from their accounts *each month*. Plaintiffs contend that *each* unauthorized charge was improper. Each time SeaWorld took money from Plaintiffs' and the putative classes' accounts, they caused direct damage. Although the Defense is bare bones and conclusory as stated, Plaintiffs can only assume that

SeaWorld's contention essentially is that Plaintiffs could have caught on to its scheme earlier.  This position, however, is disingenuous as SeaWorld could have stopped its scheme of improperly charging its customers altogether.  "Where both the plaintiff and the defendant have had equal opportunity to reduce the damages by the same act and it is equally reasonable to expect the defendant to minimize damages, the defendant is in no position to contend that the plaintiff failed to mitigate. Nor will the award be reduced on account of damages the defendant could have avoided as easily as the plaintiff. *See* Dobbs, Handbook on the Law of Remedies s 3.7 at 186 (1973)." *S.J. Groves & Sons, Co. v. Warner Co*., 576 F.2d 524, 530 (3rd Cir. 1978).

If SeaWorld is permitted to maintain this defense, the effect would be to castigate Plaintiffs for being subjected to repeated wrongdoing, as opposed to holding SeaWorld directly responsible for each separate wrongful act it committed.  Further, to allow an offset under the theory of mitigation of damages would allow SeaWorld to keep money that it has no legal or contractual right to possess.  Essentially, SeaWorld is asking the Court to let it keep some, but not all, of its stolen bounty.  Allowing SeaWorld to do so would not only result in an injustice, it would incentivize SeaWorld and all other similarly situated companies to continue to engage in such unauthorized auto-renewals, by providing a stamp of approval on profits gleaned from those customers that don't catch on quickly enough.  The doctrine of mitigation of damages simply does not apply in the circumstances of this case.

Accordingly, SeaWorld's Fifth Affirmative Defense must be stricken.

### 6.   SEAWORLD'S SIXTH AFFIRMATIVE DEFENSE

As its Sixth Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred by the doctrines of modification, novation, and ratification.**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations" which asserts merely a doctrine label. *Microsoft*, 211 F.R.D. at 684.   Further, like SeaWorld's Fourth Affirmative Defense, this Defense improperly comingles three separate legal theories without even attempting to list the elements of any defense, let alone supporting facts.   As pled, it is simply impossible to determine how SeaWorld's Sixth Affirmative Defense applies to the instant action. "[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses . . . ."   *Katz v. Chevaldina*, Case No. 12-cv-22211, 2013 WL 2147156 at *2 (S.D. Fla. May 15, 2013).

Thus, SeaWorld's Sixth Affirmative Defense must be stricken.

### 7.   SEAWORLD'S SEVENTH AFFIRMATIVE DEFENSE

As its Seventh Affirmative Defense, SeaWorld alleges:

**Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off, which bars or diminishes any potential discovery [SIC].[4]**

This defense must be stricken as a matter of law because it is "comprise[d of] no more than bare bones conclusory allegations" which asserts merely a doctrine label. *Microsoft*, 211 F.R.D. at 684; *see also Home Mgmt. Solutions, Inc.,* 2007 WL 2412834 at *4 (striking the affirmative defense of setoff where the pleading lacked "any supporting facts or

---

[4] Despite the pending Motion to Bifurcate, Plaintiffs assume that SeaWorld intended to assert that the doctrine of set-off bars or diminishes any potential "recovery", not "discovery".

the elements of the defense").  Further, there is no application for the doctrine of set-off in this case.  Plaintiffs have already excluded from the class any individuals that received a full refund for amounts charged after their one-year passes were paid in full.  *See* FAC ¶ 50. Likewise, Plaintiffs do not seek to recover any amounts that SeaWorld actually refunded.[5] There is simply no set of facts under which the doctrine of set-off could apply.

Thus, SeaWorld's Seventh Affirmative Defense must be stricken.

## III.  CONCLUSION

SeaWorld's Affirmative Defenses are comprised solely of bare-bones, conclusory labels without any supporting facts whatsoever.  Courts in the Eleventh Circuit do not permit such shotgun pleadings.  Further, given SeaWorld's pending Motion to Bifurcate, Plaintiffs will be directly prejudiced if SeaWorld's vague Defenses are permitted to stand.  For the foregoing reasons, SeaWorld's Affirmative Defenses must be stricken.

### LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel certifies that he has conferred in good faith via telephone with counsel for Defendant regarding the relief requested in the foregoing Motion.  Counsel for Defendant opposes the foregoing Motion.

---

[5] To the extent that SeaWorld's Defense is targeted solely at recovering the amounts partially refunded to customers, Plaintiffs do not take issue with the Defense.  At this time, however, Plaintiffs cannot tell whether that is SeaWorld's intent because of the bare bones, conclusory nature of the subject Defense.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 7, 2015, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which shall provide notice to all counsel

of record.

Respectfully submitted by:


/s/Paul R. Fowkes
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
paul@dispartilaw.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
ryan@dispartilaw.com
2154 Duck Slough Blvd., Ste. 101
Trinity, FL 34655
(813) 221-0500
(727) 943-3203 (Facsimile)