UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JASON HERMAN, WILLIAM COHEN,**
and **JOEY KRATT,** as individuals and
on behalf of those similarly situated,

    Plaintiffs,

v.                                      Case No: 8:14-cv-3028-T-35EAJ

**SEAWORLD PARKS &**
**ENTERTAINMENT, INC.,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Strike Defendant's Affirmative Defenses (Dkt. 42) filed by Plaintiffs, Jason Herman, William Cohen and Joey Kratt, and the Response in opposition thereto (Dkt. 45) filed by Defendant, SeaWorld Parks & Entertainment, Inc. ("SeaWorld"). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion to Strike Defendant's Affirmative Defenses. (Dkt. 42)

    **I.**      **BACKGROUND**

Plaintiff Jason Herman filed his original putative class action Complaint against Defendant SeaWorld on December 3, 2014. (Dkt. 1) The original Complaint alleged a single claim of breach of contract. (Id.) SeaWorld filed a motion seeking to bifurcate class discovery on January 14, 2015. (Dkt. 23) SeaWorld also filed a motion to dismiss

the original Complaint for failure to state a cause of action on January 20, 2015. (Dkt. 25) The next day, on January 21, 2015, Plaintiff Jason Herman, along with two newly-named Plaintiffs, William Cohen and Joey Kratt, filed a First Amended Complaint. (Dkt. 26) The First Amended Complaint added a claim under the Equal Funds Transfer Act, 15 U.S.C. § 1693 et seq., and a claim for unjust enrichment. (Id.) On January 22, 2015, the Court denied SeaWorld's motion to dismiss the original Complaint as moot due to Plaintiffs' filing of the First Amended Complaint. (Dkt. 27) Thereafter, on February 4, 2015, SeaWorld filed its Motion to Dismiss Plaintiffs' First Amended Complaint for failure to state a cause of action. (Dkt. 30)

The Court held a hearing in this case on March 5, 2015. (Dkt. 36) At the hearing, the Court addressed both SeaWorld's Motion to Dismiss Plaintiffs' First Amended Complaint and the motion seeking bifurcation of class discovery. (Id.) Following the hearing, the Court dismissed Count II of the First Amended Complaint, the claim for unjust enrichment, without prejudice due to Plaintiffs' stipulation of the same. (Dkt. 23) Otherwise, the Court denied SeaWorld's Motion to Dismiss the First Amended Complaint. (Id.) As to the motion seeking bifurcation of class discovery, the Court denied the motion as premature. (Id.) Although the Court stated at the hearing that it is "not inclined to bifurcate discovery" in this case, the Court stated that it would reconsider the issue after SeaWorld had filed an answer and affirmative defenses and it could more readily be determined whether there was some aspect of discovery that should be delayed until after class certification. (Dkt. 38 at P. 44-45)

SeaWorld filed its Answer and Affirmative Defenses on March 19, 2015. (Dkt. 40) Therein, SeaWorld asserts the following Affirmative Defenses:

>   1. Plaintiffs have failed to state claims upon which relief may be granted.
>
>   2. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.
>
>   3. Plaintiffs' claims are barred by the doctrine of compromise and settlement.
>
>   4. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.
>
>   5. Plaintiffs' claim are barred, in whole or in part, by their failure, neglect, or refusal to mitigate their damages, which bars or diminishes any potential recovery.
>
>   6. Plaintiffs' claims are barred by the doctrines of modification, novation, and ratification.
>
>   7. Plaintiffs' claims are barred, in whole or in part, by the doctrine of set-off, which bars or diminishes any potential discovery.

(Id. at P. 9-10)  On April 7, 2015, Plaintiffs filed their Motion to Strike Defendant's Affirmative Defenses.  (Dkt. 42)  In the motion, Plaintiffs contend that each of SeaWorld's Affirmative Defenses must be stricken for one or more of the following reasons: a) they are not true affirmatives defenses, b) they are insufficiently pled, or c) they are insufficient as a matter of law.  (Id.)

## II. LEGAL STANDARD AND ANALYSIS

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one

of the parties." Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted). An affirmative defense will be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if (1) on the face of the pleadings, it is patently frivolous or (2) if it is clearly invalid as a matter of law." Microsoft Corp. v. Jessee's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).

A significant debate has arisen throughout the country and among the district courts within the Eleventh Circuit regarding whether the plausibility pleading standard applicable to causes of action likewise applies to affirmative defenses.[1]

> Courts extending the Iqbal–Twombly standard to affirmative defenses typically do so for three reasons. First, fairness and historical practice dictate that the same standard should apply to both sides alike. Second, similar language calls for similar interpretations. Third, the primary policy behind the Iqbal–Twombly standard (weeding out frivolous claims early) applies equally to affirmative defenses.
>
> Courts refusing to extend the Iqbal–Twombly standard to affirmative defenses typically do so for two reasons. First,

---

1 Compare Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc., 12-61670-CIV, 2013 WL 4496510, at *4 (S.D. Fla. Aug. 22, 2013) ("[I]n the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses."), Weekes-Walker v. Macon County Greyhound Park, Inc., 877 F. Supp. 2d 1192, 1211–12 (M.D. Ala. 2012) ("[T]his Court has joined the growing minority of courts to have held that the plausibility pleading standards of Twombly/Iqbal do not apply to affirmative defenses."), Great Am. Assur. Co. v. Sanchuk, LLC, 8:10-CV-2568-T-33AEP, 2012 WL 1656751, at *2 n.3 (M.D. Fla. May 10, 2012) ("[T]his Court has held that the heightened pleading standards do not apply to affirmative defenses."), Sec. Life of Denver Ins. Co. v. Shah, CV411-008, 2011 WL 3300320, at *1 (S.D. Ga. Aug. 1, 2011) ("But heightened 'plausibility' standards simply cannot apply to affirmative defenses."), and Floyd v. SunTrust Banks, Inc., 1:10-CV-2620-RWS, 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011) ("[A]s for the affirmative defenses, Defendants are not required to meet the heightened standard of Iqbal and Twombly."), with S.E.C. v. BIH Corp., 2:10-CV-577-FTM-29, 2013 WL 1212769, at *1 (M.D. Fla. March 25, 2013) ("As with any pleading, an affirmative defense must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests, and state a plausible defense." (citations omitted)), Royal Caribbean Cruises, Ltd. v. Jackson, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013) (applying Iqbal and Twombly to affirmative defenses), and Home Mgmt. Solutions, Inc. v. Prescient, Inc., 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (same).

4

> the text of Rule 8 does not support the extension. Whereas its pleading provision uses, "showing," its response and affirmative-defense provisions use, "state," and Iqbal's and Twombly's analyses relied on "showing." Second, the 21–day response period is insufficient time to gather information necessary to include supporting factual allegations.

Moore v. R. Craig Hemphill & Associates, 3:13-CV-900-J-39-PDB, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014) (footnotes omitted).

Currently, the clear trend in the case law disfavors applying plausibility pleading to affirmative defenses. See William M. Janssen, The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses, 70 WASH. & LEE L. REV. 1573, 1606 (2013) ("[T]here is indeed today a national majority on the issue of [Iqbal–Twombly] applicability to affirmative defenses, but it is decidedly in the direction of refusing to apply 'plausibility' to such pleadings. If those opinions that sidestepped the issue are removed from the study, the resulting margin is more striking still-judges are rejecting [Iqbal–Twombly] for testing affirmative defenses by very nearly a two-to-one margin.").

Neither the Eleventh Circuit nor any other Court of Appeals other than the Ninth Circuit appears to have directly addressed the issue. It appears that the Ninth Circuit recognizes that a notice pleading standard applies to affirmative defenses. See Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998) for the proposition that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'"). This Court is persuaded by the burgeoning majority approach based on its fidelity to the text of Rules 8(b) and 8(c), and the "the longstanding adversity to striking an affirmative defense unless it does not have

any possible connection to the controversy and might prejudice a party if it remains." Moore, 2014 WL 2527162, at *2.

Thus, "[h]aving concluded that Twombly/Iqbal do not apply to the pleading of affirmative defenses, the Court reverts to the extant Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice." E.E.O.C. v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660, 664 (M.D. Ala. 2012) (citing Pulliam v. Tallapoosa County Jail, 185 F.3d 1182, 1185 (11th Cir. 1999)).

As to SeaWorld's First Affirmative Defense, "[f]ailure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense." Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007). In other words, failure to state a claim is actually a specific denial rather than an affirmative defense. "[W]hen a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013). Accordingly, SeaWorld's First Affirmative Defense will not be stricken but shall be treated as a denial. Additionally, although the Court does not strike the denial, any reassertion by SeaWorld of the arguments raised in its Motion to Dismiss Plaintiffs' First Amended Complaint will be rejected as the Court has previously denied that motion.

Under the applicable notice pleading standard, the Court finds that Affirmative Defenses two (accord and satisfaction), three (compromise and settlement), four (waiver and estoppel), five (failure to mitigate damages), six (modification, novation, and ratification), and seven (set-off) are sufficiently pled. These defenses are sufficiently

6

well-known and while they may merely be statement of law, they still "serve the laudable purpose of placing Plaintiff[s] and the Court on notice of certain issues Defendant intends to assert against Plaintiff[s'] claims."  Great Am. Assur. Co. v. Sanchuk, LLC, No. 8:10-CV-2568-T-33AEP, 2012 WL 1656751, at *3 (M.D. Fla. May 10, 2012) (citation omitted). Accordingly, SeaWorld's Second through Seventh Affirmative Defenses give Plaintiffs fair notice of each defense sufficient to allow Plaintiffs to undertake discovery and prepare for trial, which is all that is required under the applicable notice pleading standard.  See Larson v. Correct Craft, Inc., No. 6:05-CV-686-ORL31JGG, 2005 WL 1902438, at *2 (M.D. Fla. Aug. 8, 2005).  Therefore, the Court declines to strike SeaWorld's Second through Seventh Affirmative Defenses.

Plaintiffs also assert that SeaWorld's Affirmative Defenses two (accord and satisfaction), five (failure to mitigate), and seven (set-off) should be stricken because they are legally insufficient and cannot apply to the circumstances of this case.  In its response, SeaWorld explains how each of these defenses could potentially apply in this case.  On their face, it does not appear that these defenses are frivolous or clearly invalid as a matter of law.  To the extent that Plaintiffs seemingly assert that they should be stricken because they will ultimately fail on their merits, the Court declines to make that determination at this stage in the litigation.  If Plaintiffs wish to challenge the merits of SeaWorld's Affirmative Defenses, they may properly do so on a motion for summary judgment.  See Adams v. JP Morgan Chase Bank, N.A., No. 3:11-CV-337-J-37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011) (declining to entertain merits-challenges to affirmative defenses on a motion to strike); Grovenor House, L.L.C. v. E.I.

Du Pont De Nemours And Co., No. 09-21698-CIV, 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010) (same effect).

Furthermore, Plaintiffs argue that they are prejudiced by the lack of factual detail included in SeaWorld's Affirmative Defenses. In this regard, Plaintiffs refer to SeaWorld's "pending" motion to bifurcate class discovery. Plaintiffs state that because of the lack of factual detail, Plaintiffs are unable to determine whether the Affirmative Defenses attack class certification or the merits of Plaintiffs' claims. However, SeaWorld's motion to bifurcate class discovery is not currently pending before the Court. The motion was denied as premature for the reasons stated on the record at the March 5, 2015 hearing and therefore, discovery is not currently bifurcated. At the hearing, the Court stated that it would reconsider the matter once an answer had been filed. Thus, if SeaWorld still intends to seek to bifurcate or delay any portion of discovery in this case it must make a renewed motion requesting such relief. In that motion, SeaWorld will be required to articulate the basis for delaying any part of discovery. If SeaWorld contends that discovery relating to any of its Affirmative Defenses should be delayed, it will likewise need to articulate the factual basis of those Affirmative Defenses in its motion, at which point Plaintiffs will be entitled to respond. Additionally, Plaintiffs are entitled to utilize the discovery tools available to them, such as interrogatories, to inquire into the factual bases for SeaWorld's Affirmative Defenses and to determine if they may apply to class certification or the merits of Plaintiffs' claims. Accordingly, the Court finds that Plaintiffs have not demonstrated that they are prejudiced by SeaWorld's Affirmative Defenses as pled.

### III.     CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Dkt. 42) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of June, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person