IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HERMAN,
WILLIAM COHEN,
JOEY KRATT, and
CHRISTINA LANCASTER
*as individuals and on behalf of those
similarly situated*,

    Plaintiffs,

vs.                                                          Case No.: 8:14-cv-03028-MSS-JSS

SEAWORLD PARKS &
ENTERTAINMENT, INC.

    Defendant.
_____/

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
BREACH OF CONTRACT CLAIM
<u>AND SUPPORTING MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE FOR TRIAL.. 1
GOVERNING LAW.............................................................................................. 4
ARGUMENT......................................................................................................... 5
   SeaWorld is entitled to summary judgment on the breach of contract claim whether or not the contract automatically renewed ........................................................... 5

   A.   If SeaWorld's interpretation of "less than 12 months" is correct, then SeaWorld is entitled to summary judgment on the breach of contract claim......................... 6

   B.   If Plaintiffs' interpretation of "less than 12 months" is correct, then the parties' contract terminated at the end of the initial term and there was no existing contract at the time of the alleged breach............................................................. 7

CONCLUSION................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................5

*Beck v. Lazard Freres & Co., LLC*,
   175 F.3d 913 (11th Cir. 1999) ...............................................................................................4, 7

*CBX Techs., Inc. v. BCC Techs., LLC*,
   533 F. App'x 182 (4th Cir. 2013) ..............................................................................................8

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................5

*E. Bay Union of Machinists, Local 1304, United Steelworkers of Am., AFL-CIO v. Fibreboard Paper Prods. Corp.*,
   285 F. Supp. 282 (N.D. Cal. 1968), *aff'd* 435 F.2d 556 (9th Cir. 1970) ...................................9

*Grubb & Ellis Co. v. Potomac Med. Bldg., Inc.*,
   No. 1:08cv971(GBL), 2009 WL 3175999 (E.D. Va. Sept. 30, 2009) ...................................8, 9

*Strickland v. Burch*,
   No. 3:13-cv-1383-J-32JBT, 2014 WL 3417611 (M.D. Fla. July 14, 2014) ...........................7, 8

*Sungard Recovery Servs. L.P. v. Unisource Worldwide, Inc.*,
   No. Civ.A. 02-CV-3845, 2002 WL 32107941 (E.D. Pa. Oct. 30, 2002) ............................9, 10

**STATE CASES**

*Green v. Goodman-Gable-Gould Co.*,
   597 S.E.2d 77 (Va. 2004) ................................................................................................4, 7, 8

*Karkoukli's, Inc. v. Walgreen Co*,
   No. 241611, 2004 WL 435384 (Mich. Ct. App. Mar. 9, 2004) .................................................8

*Navar, Inc. v. Fed. Bus. Council*,
   784 S.E.2d 296 (Va. 2016) .............................................................................................4, 7, 8

*RRC Ne., LLC v. BAA Md., Inc.*,
   994 A.2d 430 (Md. 2010) ........................................................................................................8

**OTHER AUTHORITIES**

Renew, Merriam Webster, http://www.merriam-webster.com/thesaurus/renew
 (last visited Sept. 6, 2016) ................................................................................................7

## INTRODUCTION

Defendant SeaWorld Parks & Entertainment, Inc. ("SeaWorld") moves for partial summary judgment on Plaintiffs' breach of contract claim. This entire lawsuit is predicated on Plaintiffs' contention that the parties' EZpay contract terminated and was no longer in effect at the end of the initial one year term. Yet they nevertheless bring a claim for alleged breaches of the EZpay contract that they say occurred after the contract was no longer in effect. Because the existence of a valid contract is a fundamental prerequisite for a proper breach of contract claim, and Plaintiffs themselves assert that the contract at issue terminated before any of the alleged breaches occurred, Plaintiffs' breach of contract claim must fail as a matter of law. If, as Plaintiff's contend, the EZpay contract expired by its own terms at the end of the 12 month payment period, there was simply no valid contract between the parties at the time of the alleged breaches.

## MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE FOR TRIAL

**A.    SeaWorld's ticketing options.**

1.    SeaWorld operates theme parks in Florida, Virginia, Texas, California, and Pennsylvania, including SeaWorld parks, Busch Gardens parks, and others.[1]

2.    SeaWorld's ticketing options include single-day and multi-day tickets, and seasonal, one-year, and two-year passes to individual parks or multiple parks.[2]

---

[1] Stipulation of Undisputed Facts [Dkt. 122] ¶ 1.

[2] *Id.* at ¶ 2.

3. One-year, two-year, and seasonal passes can be purchased by paying the full purchase price upfront or by paying for a pass in monthly installment payments through SeaWorld's EZpay plan.[3]

4. Only SeaWorld's one-year passes paid through an EZpay plan are the subject of this lawsuit.[4]

**B.  The one-year EZpay contracts.**

5. The named plaintiffs each purchased a one-year pass through the EZpay plan sometime between December 3, 2008 and February 11, 2014 and agreed to an EZpay contract with the same language as Plaintiff Herman's contract.[5]

6. When a customer purchases a one-year pass through the EZpay plan, the customer makes an initial down payment and then pays 11 subsequent payments monthly.[6]

7. All of the EZpay contracts Plaintiffs agreed to provided in pertinent part as follows: "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it. I hereby authorize SEA [SeaWorld] to charge my credit card (or any other credit card which I supply SEA) for future payments."[7]

---

[3] *Id.* at ¶ 7.
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶¶ 13, 21 & Ex. 1.
[6] *Id.* at ¶ 18 & Ex.1.
[7] *Id.* at ¶ 14 & Ex. 1.

8. SeaWorld and its predecessor company have been selling passes through EZpay since 2001.[8]

9. Approximately 35% of one-year passes purchased through an EZpay plan automatically renew (and the remaining 65% do not autorenew). Of the 35% of one-year EZpay passes that autorenew, approximately 60% of passholders visit SeaWorld's parks after the initial one-year term has expired. Only approximately 14% of one-year EZpay passes automatically renew without the passholders visiting the park after the initial one-year term.[9]

**C. Plaintiffs' payments and charges.**

10. Plaintiffs each made their first payments on the same day they purchased their passes.[10]

11. Plaintiffs each made 11 subsequent, timely installment payments, each of which occurred in a separate calendar month, and all of which were completed within one calendar year from the date of the initial payment.[11]

12. None of the named plaintiffs terminated or canceled his or her EZpay contract during the initial payment period.[12]

---

[8] Decl. of Brad Matzinger [Dkt. 99-1] ¶ 4; Decl. of Scott Trien [Dkt. 99-2] ¶ 4.
[9] Decl. of Scott Trien [Dkt. 99-2] ¶ 5.
[10] Stipulation of Undisputed Facts [Dkt. 122] ¶ 22.
[11] *Id.* at ¶ 23.
[12] *Id.* at ¶ 24.

13. Each named plaintiff made a thirteenth payment in the month following each named plaintiff's twelfth payment (i.e., after the initial payment period of their respective EZpay contracts).[13]

## GOVERNING LAW

The breach of contract claim is governed by state law. Herman, Cohen, and Kratt reside in Florida and their contracts are governed by Florida law. Lancaster resides in Virginia and Virginia law governs her contract. Plaintiffs also seek to represent a class that includes customers in Texas and California, but unless and until the Court certifies a class containing California or Texas customers, this case is limited to Florida and Virginia law.

Under Florida law, the elements of a breach of contract claim are (1) a valid contract; (2) a material breach; and (3) damages.[14] Similarly, Virginia law requires (1) a legally enforceable obligation of SeaWorld to Lancaster; (2) SeaWorld's violation or breach of that obligation; and (3) injury or damage to Lancaster caused by the breach of obligation.[15] The Virginia Supreme Court and Plaintiffs have also characterized the first element to require "a valid contract."[16]

---

[13] *Id.* at ¶ 25.

[14] *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999).

[15] *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016).

[16] *Green v. Goodman-Gable-Gould Co.*, 597 S.E.2d 77, 81 (Va. 2004); Pls.' Mot. for Summ. J. [Dkt. 123] 5-6.

Summary judgment is appropriate if SeaWorld shows that there is no genuine issue of *material* fact and it is entitled to judgment as a matter of law.[17] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[18] If Plaintiffs cannot establish the essential elements of their case with respect to which they bear the burden of proof, then there is not genuine issue of material fact—and summary judgment is appropriate—because a failure of proof on an essential element renders all other facts immaterial.[19]

## ARGUMENT

**SeaWorld is entitled to summary judgment on the breach of contract claim whether or not the contract automatically renewed.**

The parties contest whether each Plaintiffs' EZpay contract automatically renewed, specifically whether or not each Plaintiff paid for the annual passes in "less than 12 months." Plaintiffs argue that they each paid for their passes in "less than 12 months" because their twelfth payment was charged approximately 11 months after they purchased their passes. In other words, Plaintiffs argue that "less than 12 months" is the same as "less than one calendar year." In contrast, SeaWorld contends that Plaintiffs did not pay for their passes in "less than 12 months." Rather, Plaintiffs paid for their passes in exactly 12 months—one payment each month for 12 months. Therefore, SeaWorld contends that Plaintiffs' contracts automatically renewed pursuant to the terms of the

---

[17] Fed. R. Civ. P. 56(a) (emphasis added); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[19] *Celotex*, 477 U.S. at 322-23.

contract, whereas Plaintiffs argue that their contracts did not automatically renew and terminated at the end of one year.

Regardless of whether or not Plaintiffs' contracts automatically renewed, however, SeaWorld in entitled to judgment as a matter of law on Plaintiff's breach of contract claim because even under Plaintiffs' reading, no contract has been breached.

**A.  If SeaWorld's interpretation of "less than 12 months" is correct, then SeaWorld is entitled to summary judgment on the breach of contract claim.**

If SeaWorld's interpretation is correct, then the contract automatically renewed on a month-to-month basis and SeaWorld was contractually authorized to continue charging Plaintiffs for future monthly payments. Under SeaWorld's interpretation, the phrase "less than 12 months," when read as part of the contract as a whole, refers to the 12 monthly payments during the initial contract term. Because each Plaintiff paid for the cost of a pass in 12 scheduled monthly payments, they each paid for their passes in exactly 12 months (not less than 12 months), and each of their contracts automatically renewed on a month-to-month basis at the end of the payment period. This contractual interpretation is supported by the undisputed fact that approximately 86% of all EZpay customers either terminated their contracts before they automatically renewed or continued to use SeaWorld's parks following automatic renewal.[20] Therefore, under SeaWorld's interpretation, SeaWorld is entitled to judgment as a matter of law on the breach of contract claim because it did not breach the automatically renewed EZpay contracts when it continued to charge Plaintiffs for future payments.

---

[20] Decl. of Scott Trien [Dkt. 99-2] ¶ 5.

**B. If Plaintiffs' interpretation of "less than 12 months" is correct, then the parties' contract terminated at the end of the initial term and there was no existing contract at the time of the alleged breach.**

If Plaintiffs' interpretation of the contract is correct, then each of their contracts did not automatically renew. Thus, there was no contract in effect at the time of SeaWorld's alleged breach, and Plaintiffs cannot, as a matter of law, prove an essential element of their breach of contract claim: that there was a valid contract between the parties at the time of the alleged breach. Instead, according to Plaintiffs' theory, each contract did not renew; it terminated according to its express terms.[21] It is black-letter law that there can be no claim for breach of contract without the existence of a valid contract.[22] According to Plaintiffs' interpretation of the contract, at the time of each Plaintiff's thirteenth payment (and every subsequent payment), the EZpay contracts had terminated by their own terms and no longer governed the parties' relationships. And without a valid contract at the time of breach, there can be no claim for breach of contract.

Courts recognize the fundamental principle that there can be no claim for breach of contract without a valid contract to breach. First, in a recent case in the Middle District of Florida, *Strickland v. Burch*, the court held that a breach of contract cannot

---

[21] The antonyms of renew include terminate, complete, conclude, end, and finish. *See* Synonyms and Antonyms of Renew, Merriam Webster, http://www.merriam-webster.com/thesaurus/renew (last visited Sept. 6, 2016).

[22] *E.g.*, *Beck*, 175 F.3d at 914; *Navar*, 784 S.E.2d at 299; *Green*, 597 S.E.2d at 81.

7

stand on a terminated contract.[23] The Fourth Circuit applied the same concept in affirming summary judgment for the defendant in *CBX Technologies, Inc. v. BCC Technologies, LLC*.[24] That case applied Maryland law, but the elements for breach of contract are substantially the same under Maryland and Virginia law, both of which fall in the Fourth Circuit and both of which require the existence of a contractual obligation.[25] Like here, *CBX Technologies* considered whether the plaintiff could survive summary judgment where the alleged breach of contract occurred after the contract at issue had terminated. The answer is no: "Having determined that no breach occurred before the Teaming Agreement expired, we conclude that the district court properly determined that CBX could not state a viable breach of contract action under the Teaming Agreement."[26] The Eastern District of Virginia has reached the same conclusion under Virginia law in the context of a contract—like the EZpay contract under Plaintiffs' interpretation—that expired because it was not renewed.[27]

---

[23] No. 3:13-cv-1383-J-32JBT, 2014 WL 3417611, at *5 (M.D. Fla. July 14, 2014) ("To the extent that the contract had already terminated or was otherwise invalid, Plaintiffs have failed to allege the existence of a contract.").

[24] 533 F. App'x 182 (4th Cir. 2013).

[25] *Compare, e.g., Navar*, 784 S.E.2d at 299, *and Green*, 597 S.E.2d at 81 (Virginia), *with RRC Ne., LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010) (Maryland).

[26] *CBX Techs.*, 533 F. App'x at 184; *see also Karkoukli's, Inc. v. Walgreen Co*, No. 241611, 2004 WL 435384, at *3-6 (Mich. Ct. App. Mar. 9, 2004) (affirming summary judgment for defendant where contract had automatically terminated by its own terms).

[27] *Grubb & Ellis Co. v. Potomac Med. Bldg., Inc.*, No. 1:08cv971(GBL), 2009 WL 3175999, at *7-8 (E.D. Va. Sept. 30, 2009) ("Defendant did not breach the [Agreement] because the Agreement was not renewed in the required manner and therefore expired").

In another case, union members sued for breach of a collective-bargaining agreement after the employer contracted out certain operations.[28] A key issue in that case was "whether the contract was in effect at the time of the alleged breach."[29] The plaintiffs argued that the agreement had renewed, and the defendant argued that the agreement terminated, so it was free to contract out the work.[30] The court interpreted the contract and decided that it had not renewed and therefore there was no contract in existence after the contract expired.[31] The Court concluded: "It logically follows that defendant could not have breached the contract when it contracted out work since there was no contract in existence to breach."[32]

Although the posture of the decision was different, the court echoed the same logic in *Sungard Recovery Services L.P. v. Unisource Worldwide, Inc.*[33] There, the court was considering the defendant's Rule 12(c) motion for judgment on the pleadings, which sought dismissal of the plaintiff's unjust-enrichment claim on the basis that the contract controlled.[34] The court denied the motion because Rule 8 allows alternative pleading, and at that time it was premature to dismiss the equitable claim "without determining

---

[28] *E. Bay Union of Machinists, Local 1304, United Steelworkers of Am., AFL-CIO v. Fibreboard Paper Prods. Corp.*, 285 F. Supp. 282, 283 (N.D. Cal. 1968), *aff'd* 435 F.2d 556 (9th Cir. 1970).

[29] *Id.* at 283-84.

[30] *Id.*

[31] *E.g.*, *id.* at 287, 289.

[32] *Id.* at 289.

[33] No. Civ.A. 02-CV-3845, 2002 WL 32107941 (E.D. Pa. Oct. 30, 2002).

[34] *Id.* at *2.

whether a valid contract in fact existed at the time of Unisource's alleged breach."[35] However, the court recognized that, if the contract terminated and was not renewed, then there would be no breach of contract claim, because "there would be no valid agreement that controlled the parties['] rights and consequently, no agreement upon which to assess damages."[36]

Each of those cases recognized the same fundamental principle: there can be no breach of contract claim where there is no valid contract at the time of the alleged breach. That same fundamental principle applies here. According to Plaintiffs, SeaWorld breached the contract when it continued to charge them after the payment period (i.e., after the initial contract term) because they paid for their passes in "less than 12 months" and therefore the contract did not automatically renew.[37] But if Plaintiffs are right that they paid for their pass in "less than 12 months"—however that clause is interpreted— then the contract did not renew; it terminated at the end of the initial payment period. It is undisputed that each named plaintiff made a thirteenth payment after the initial payment period.[38] Therefore, according to Plaintiffs' theory of the case, the alleged breach came *after* Plaintiffs' contracts had expired by their own terms. Under Plaintiffs' interpretation, the contracts no longer existed and SeaWorld is entitled to judgment as a matter of law on the breach of contract-claim.

---

[35] *Id.* at *3.

[36] *Id.*

[37] Second Am. Class Compl. ¶¶ 72-73.

[38] Stipulation of Undisputed Facts [Dkt. 122] ¶ 25.

10

**CONCLUSION**

Plaintiffs pled two claims for relief: breach of contract and EFTA. The case has been pending since December 2014 and Plaintiffs have had ample opportunity to conduct discovery, develop their evidence and claims, and amend the pleadings as appropriate. They have sought class certification for the breach of contract claim and EFTA.

Now that discovery is closed and the undisputed material facts are before the Court, Plaintiffs' breach of contract claim fails as a matter of law. If, as SeaWorld contends, the parties' contract automatically renewed at the end of the one-year initial term, SeaWorld had a clear contractual authorization to charge ongoing monthly payments until Plaintiffs terminated the contract. But if Plaintiffs are correct, and the contract terminated at the end of the initial term, Plaintiffs cannot bring a claim for breach of contract for payments that occurred after the term of the contract ended. The undisputed material facts may have supported some other claim, but they cannot support Plaintiffs' breach of contract claim and it should be dismissed.

Respectfully submitted this 6th day of September, 2016.

*s/ Colin C. Deihl*
Colin C. Deihl
Colorado Bar No. 19737
Ann E. Prouty
Colorado Bar No. 41322
Thomas W. Carroll
Colorado Bar No. 41438
Faegre Baker Daniels LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado 80203
Telephone:   (303) 607-3500
Facsimile:   (303) 607-3600

Email: colin.deihl@FaegreBD.com
ann.prouty@FaegreBD.com
thomas.carroll@FaegreBD.com

Christopher T. Hill
Florida Bar No. 0868371
390 North Orange Avenue, Suite 1610
Orlando, Florida 32801
Telephone: (407) 926-7460
Facsimile: (407) 926-7461
Email: chill@hrkmlaw.com

Attorneys for Defendant
SeaWorld Parks & Entertainment, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*s/ Colin C. Deihl*
Colin C. Deihl