UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON HERMAN,
JOEY KRATT, and
CHRISTINA LANCASTER,

      Plaintiffs,

v.

SEAWORLD PARKS &
ENTERTAINMENT, INC.,

      Defendant.
_____/

CASE NO.: 8:14-cv-03028-MSS-JSS

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT AND CLASS NOTICE**

Plaintiffs, Jason Herman, Joey Kratt, and Christina Lancaster (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, moves the Court enter an order: (1) preliminarily approving the proposed settlement set forth in the Settlement Agreement ("Settlement" or "Settlement Agreement"), attached to this motion as Exhibit 1;[1] and (2) approving the notice plan and approving the form and content of the proposed Notice of Class Certification and Settlement ("Notice"), which is attached to the Settlement Agreement as Exhibit C; and (3) scheduling a Final Approval Hearing at least one-hundred twenty-five (125) days from the date the preliminary approval order is entered. The Settlement Agreement provides substantial and immediate benefits to the Class. Class Counsel respectfully submit that the Settlement is fair, reasonable, and adequate, and should be preliminarily approved. The grounds supporting this motion are set forth in the following

---

[1] A proposed Preliminary Approval Order is attached to the Settlement Agreement as Exhibit B.

Memorandum.

## MEMORANDUM

### I. Background

#### A. Procedural history

This litigation concerns the practice of Defendant SeaWorld Parks & Entertainment, Inc. ("SeaWorld") of automatically renewing annual passes to its theme parks that customers paid for in installments through SeaWorld's "EZ Pay" system. The operative contract (the "EZ Pay Contract") stated during the relevant time period, "EXCEPT FOR ANY PASSES PAID IN LESS THAN 12 MONTHS, THIS CONTRACT WILL RENEW AUTOMATICALLY ON A MONTH-TO-MONTH BASIS FOLLOWING THE PAYMENT PERIOD until I terminate it." Doc. 135 at 2. The above language was included in the EZ Pay Contract until February 11, 2014.[2] Doc. 122 ¶ 14. In the ordinary course, pass holders paid the required twelve installments in eleven months. Doc. 135 at 3. Unless the customer affirmatively contacted SeaWorld to cancel the customer's EZ Pay account, SeaWorld automatically renewed the customer's EZ Pay pass and continued to charge the customer's credit or debit card. *Id.* at 4.

Plaintiffs' Second Amended Class Complaint alleged on behalf of a Class of Florida, Texas, Virginia, and California EZ Pay customers that SeaWorld's practice was a breach of contract. Doc. 72 ¶¶ 57, 69-75. Plaintiff Kratt also alleged on behalf of a Subclass of EZ Pay

---

[2] In preparing the settlement documents, the parties realized that, although SeaWorld changed the contract language at issue in this case by February 11, 2014, the class definition did not limit the class to customers who purchased their passes before that date. Plaintiffs are filing contemporaneously with this motion a motion to amend the class certification order to include this date limitation.

2

customers who paid for their passes with debit cards that SeaWorld's conduct violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq. Id.* ¶¶ 57, 76-81.

Plaintiffs moved for class certification, Doc. 93, to which SeaWorld responded, Doc. 98. The Court granted Plaintiffs' class certification motion, certifying two classes. Doc. 135 at 49-50. The Breach of Contract class was defined to include:

> a. All natural persons who purchased a one-year pass through Defendant's "EZ Pay" program to one of Defendant's theme parks located in the States of Florida, Texas, Virginia, and California;
> b. who were residents of the state where the park is located at the time of purchase;
> c. who purchased the pass within the applicable statute of limitations for the respective states;
> d. who paid for their one-year pass in less than 12 months; and
> e. who were charged any additional monthly payments for renewal of the pass after the one-year pass was paid in full.

*Id.* at 49-50. The EFTA Subclass was defined to include:

> a. All natural persons who purchased a one-year pass through Defendant's "EZ Pay" program to one of Defendant's theme parks located in the States of Florida, Texas, Virginia, and California;
> b. who were residents of the state where the park is located at the time of purchase;
> c. who paid for their pass using a debit card;
> d. who paid for their one-year pass in less than 12 months;
> e. who were charged through an electronic fund transfer to their debit or bank account any additional monthly payments for renewal of the pass after the one-year pass was paid in full; and
> f. such additional monthly payments were charged on or after the date one year prior to the filing of this action.

*Id.* at 50. A number of categories of persons are excluded from both classes, including those who received full refunds from SeaWorld of "monthly payments for renewal of the pass after the one year pass was paid in full," those who "continued to use their EZ Pay pass after the one-year pass had expired," and those who released their claims against SeaWorld as a result

3

of a California class action settlement. *Id.* at 50-51.

Pursuant to Federal Rule of Civil Procedure 23(f), SeaWorld filed a petition in the Eleventh Circuit Court of Appeals for leave to appeal the Court's class certification ruling, Doc. 138, to which Plaintiffs responded, Doc. 139. The Eleventh Circuit denied SeaWorld's petition for leave to appeal, and also denied SeaWorld's motion for reconsideration of the denial of its petition. Doc. 148 Ex. A; Doc. 156 Ex. 1.

Plaintiffs moved for summary judgment as to liability on both the breach of contract and EFTA claims. Doc. 123. SeaWorld moved for partial summary judgment as to the breach of contract claim. Doc. 124. While SeaWorld's petition for leave to appeal was pending, the Court granted Plaintiffs' motion for summary judgment as to liability and denied SeaWorld's motion for partial summary judgment. Doc. 144. The Court held that the undisputed material facts demonstrated that SeaWorld breached the EZ Pay contract by automatically renewing it and continuing to charge customers after they had made the twelve required contract payment. *Id.* at 4-10. The Court further held that the undisputed material facts established that SeaWorld violated the EFTA by collecting electronic funds transfers after the EZ Pay contract expired. *Id.* at 12-14.

After the Eleventh Circuit denied its petition for leave to appeal, SeaWorld filed a notice of appeal from the Court's arbitration, class certification, and summary judgment orders. Doc. 148. The Eleventh Circuit dismissed SeaWorld's appeal for lack of jurisdiction. Doc. 155.

Following the conclusion of the proceedings in the appellate court, SeaWorld moved to decertify the class on the theory that the Court's entry of summary judgment as to liability

in favor of the Plaintiffs before the members of the Class had been given notice and an opportunity to opt out violated the one-way intervention doctrine. Doc. 168. Plaintiffs responded in opposition to the motion. Doc. 173. The motion to decertify remained pending at the time the parties notified the Court they had reached a settlement in principle, Doc. 178, and was denied as moot. Doc. 179.

### B. The mediation and the Settlement Agreement

The parties voluntarily agreed to participate in a mediation to attempt to resolve this matter. The parties jointly agreed to retain a nationally-recognized mediator, Gary V. McGowan, Esquire, of McGowan Arbitration and Dispute Resolution of Houston, Texas. A day-long mediation took place on April 18, 2018. While the parties did not reach an agreement the day of the mediation, the parties were able to reach an agreement in principle several days later. The parties memorialized their agreement in principle in a Memorandum of Understanding. The parties have now jointly drafted the Settlement Agreement, which reflects the terms agreed to during and after the mediation. The terms of the Settlement are described below.

#### 1. The Class Definition

The Settlement Agreement defines the Settlement Class as follows:

The term "Settlement Class" shall mean all natural persons who purchased a one-year pass through SeaWorld's "EZ Pay" program to one of SeaWorld's theme parks located in the states of Florida, Texas, Virginia, or California; who were residents of the state where the park is located at the time of purchase; who purchased the pass within the Applicable Statute of Limitations Period for the respective states (as defined herein); who paid for their one-year pass in less than 12 months; and who were charged any additional monthly payments for renewal of the pass after the one-year pass was paid in full. Excluded from the Settlement Class are (a) all persons who received full refunds from SeaWorld after being charged any monthly payments for renewal of the pass after the one

> year pass was paid in full; (b) all persons who used their pass after the initial one-year term; (c) managers, directors, and employees of SeaWorld and members of their immediate families; (d) all agents of SeaWorld; (e) legal counsel for Plaintiffs or SeaWorld and members of their immediate families; (f) all judges assigned to hear any aspect of this litigation as well as their immediate family members; and (g) any class members in the matter of *Gargir v. SeaWorld Parks & Entertainment, Inc.,* No 37-2015-00008175-CU-MC-CTL, in the California Superior Court, San Diego County (the Gargir Action) who have released and discharged SeaWorld of any claims they may have in this case as a result of a class action settlement approved in the *Gargir* Action.

Ex. 1 ¶ 1.18. The term "Applicable Statute of Limitations Period" as used in the definition of the Settlement Class is further defined in the Settlement Agreement as applying to "one year Passes that were purchased during the following time periods: December 3, 2008 to December 3, 2014 for Virginia customers; December 3, 2009 to December 3, 2014 for California customers; December 3, 2008 to December 3, 2014 for Florida customers; and December 3, 2009 to December 3, 2014 for Texas customers." *Id.* ¶ 1.1. The substance of the Settlement Class definition is identical to that in the Court's class certification Order.

The Settlement defines the "EFTA Subclass" to include "all members of the Settlement Class who used a debit card to fund their EZpay contract and were charged any additional monthly payments for renewal of a pass after December 13, 2013." Ex. 1 ¶ 1.4. This definition is substantively identical to the definition of the EFTA Subclass in the Court's class certification Order. *Compare* Doc. 135 at 50 *with* Ex. 1 ¶ 1.14.

### 2. Notice and claims administration

SeaWorld has agreed to pay the costs of providing notice to the class and the costs of claims administration, including the hiring of a Settlement Administrator. Ex. 1 ¶¶ 1.17, 2.4. SeaWorld will provide the Settlement Administrator the last known mailing address it has for each Class Member. *Id.* ¶ 3.2(a). The Settlement Administrator will provide the Notice to all

Class members by first-class mail at the Class member's most recent address. *Id.* ¶ 3.2(d). The Settlement Administrator will also put up a website containing details of the Settlement. *Id.* ¶ 3.2(c). If approved by the Court, the Notice will be in form of Exhibit C to the Settlement Agreement, which sets forth all of the terms of the Settlement Agreement. The Notice will include an option form (the "Option Form") that allows Class Members to select from the options for class relief available under the Settlement, as described more fully below. *Id.* Ex. C.

The Notice is designed to inform Class members that the Class has been certified and provide them clear, concise, easily-understood information about their legal rights. The proposed Notice includes a fair summary of the parties' respective litigation positions; a summary of the Settlement; an explanation of Class Members rights and options under the Settlement Agreement; instructions for returning the Option Form; instructions for how to object to or opt out of the Settlement; and the date, time, and place of the Final Fairness Hearing. *Id.* Ex. C.

The Notice will be mailed by a date no later than fifty (50) days after a Preliminary Approval Order is entered. Ex. 1 ¶ 3.2(d). The Notice will provide a deadline for class members to opt out of or object to the Settlement, or to return the Option Form. *Id.* Ex. C. That deadline will be the date ninety-five (95) days after the date the preliminary approval order is entered. *Id.* ¶¶ 3.2(f), 3.4, 3.5.

      3.      **The Common Fund**

SeaWorld will make an $11.5 million payment (the "Settlement Amount") into a common fund (the "Common Fund"). Ex. 1 ¶ 2.1. SeaWorld will pay the Settlement Amount

7

to the Settlement Administrator to be held in an escrow account and distributed by the Settlement Administrator pursuant to the terms of the Settlement Agreement. *Id.* ¶¶ 2.1, 2.5. The Common Fund will be allocated as follows:

- Attorney's fees and costs will be paid to Class Counsel in a reasonable amount to be approved by the Court. *Id.* ¶ 2.7.

- Service awards will be paid to the named Plaintiffs in an amount to be approved by the Court. *Id.* ¶ 2.6.

- The members of the EFTA Subclass will each be entitled to a pro rata share of a $500,000 EFTA Subclass Fund. *Id.* ¶ 2.2.

- The funds remaining in the Common Fund after the following the deduction of attorney's fees and costs, service awards to the named plaintiffs, and the EFTA Subclass Fund will be distributed pro rata to each Class Member based on the number of passes the Class Member purchased (the "Per Pass Payment"). *Id.* ¶ 2.3.

A Class member who does not opt out will have the opportunity to select from one of three options for payment of the Per Pass Payment, which will be explained in the Notice and the Option Form that will be sent to each Class member with the Notice. *See* Ex. 1 at Ex. C. The date on which the Notice and Option Form are sent to Class members will be known as the Option Date. Ex. 1 ¶ 1.12. The three options available to Class members are as follows: (1) receiving a check in the amount of the Per Pass Payment and cancelling any passes that are in effect as of the Notice Date; (2) receiving a credit in at least the amount of the Per Pass Payment and having any passes that are in effect as of the Notice Date remain active and

8

subject to monthly renewal until the pass holder contacts SeaWorld to cancel them; or (3) receiving a check in the amount of the Per Pass Payment and having any passes that are in effect as of the Notice Date remain active and subject to monthly renewal until the pass holder contacts SeaWorld to cancel them.  *Id.* ¶ 3.2(e).  Class Members will be requested to select from the above three options on the Option Form and return the Option Form by the Option Deadline of ninety-five (95) days after the date of preliminary approval, which will be at least forty-five (45) days after the Notice and Option Form are sent to Class members.  *Id.* ¶ 3.2(e), (f).  Class members will be notified that if they do not return the Option Form, the third of these options will be applied to them; that is, the Class member will receive a check by mail in the amount of the Per Pass Payment and any passes that are in effect as of the Notice Deadline will remain active and subject to monthly renewal until the pass holder contacts SeaWorld to cancel them.  *Id.* Ex. C.

### 4. Attorney's fees, costs, and representative Plaintiff incentive awards

Other than to agree that attorney's fees, costs, and incentive awards to the representative plaintiffs would be paid from the Common Fund, the parties did not discuss the amount or payment of these expenses until after they had reached an agreement in principle regarding the terms of the Settlement Agreement.  The parties subsequently agreed that Class Counsel could request approval from the Court for an award of attorney's fees in an amount up to 25% of the Common Fund, plus reimbursement of reasonable out-of-pocket costs, to be paid from the Common Fund.  Ex. 1 ¶ 2.7.  The parties further agreed that Class Counsel could request approval from the Court for service awards in an amount up to $10,000 on behalf of each representative Plaintiff, also to be paid from the Common Fund.  *Id.* ¶ 2.6.

9

### 5. The Class Release

In exchange for the benefits provided by the Settlement, all Class members who do not opt out will be deemed to have released all claims related to the subject matter of this Action that arose during the Settlement Class Period. Ex. 1 ¶ 4.2. That is, Class members will release all claims against SeaWorld relating to the automatic renewal of passes purchased using an EZ Pay Contract that arose during the time period from the beginning of the Applicable Statute of Limitations Period through the date of Final Approval of the Settlement. *Id.* ¶¶

### 6. Exclusion and objection rights

Class members may choose to opt out of the Class by submitting a written request for exclusion by a date that will be set at least ninety-five (95) days after the date of preliminary approval, which means that date will be at least forty-five (45) days after the date the Notice is sent to the Class. Ex. 1 ¶¶ 3.2(d), 3.5. Class members will be instructed in the Notice that a written request for exclusion must include the name and case number of this case; their name, address, e-mail address, and telephone number; and a statement that they do not wish to participate in the Settlement. *Id.* ¶ 3.5.

Class members who wish to object to the Settlement may do so by submitting a written objection by the same date. Ex. 1 ¶ 3.4. Class members will be instructed in the Notice that written objection should include: the name and case number of this case; the Class member's name, address, e-mail address, and telephone number; and the words "Notice of Objection" or "Formal Objection" along with a statement of the Class member's legal and factual objections to the Settlement, including an attestation of facts showing that the person objecting is a member of the Class. *Id.* ¶ 3.4 & Ex. C. Class members will be further instructed that they or

their counsel may appear at the Fairness Hearing so long as they indicate an intention to do so in their objection. *Id.*

### 7. The Final Approval Process

In advance of the Final Approval hearing, Class Counsel will file a motion for final approval of the Settlement. Ex. 1 ¶ 3.6. The parties will request entry of a Final Order in the form of Exhibit D to the Settlement Agreement. *Id.* Class Counsel will also file their motion for attorney's fees and costs at least twenty-one (21) days before the deadline for Class members to object to or opt out of the Settlement Agreement. *Id.* ¶ 2.7. Within five (5) days after the motion for attorney's fees and costs is filed, the Settlement Administrator will post the motion to the Settlement Website. *Id.* ¶ 3.2(c).

The "Final Settlement Date" will be the earliest of thirty-five (35) days after the entry of the Final Order and Approval of the Settlement if no appeal is taken, or thirty-five (35) days after the date of the final resolution of any appeal, assuming the Final Order and Approval is affirmed. Ex. 1 ¶ 1.7. Within ten (10) days after the Final Settlement Date, SeaWorld will transmit the $11.5 million Settlement Amount to the Settlement Administrator. *Id.* ¶ 2.5. The Settlement Administrator will distribute the Service Awards to the Named Plaintiffs, the award of attorneys' fees and costs, and checks in the amount of each Class member's recovery to that Class member. *Id.* ¶ 2.3. Significantly, although Class members will have the opportunity to return the Option Form to select the form in which they wish to receive payment, *id.* ¶ 3.2(e), every Class member who does not opt out will receive a check or credit in the amount of the Per Pass Payment times the number of passes that Class member purchased during the relevant time period. *Id.* ¶ 3.2(e). Any Class member who does not return the Option Form will receive

his or her compensation in the form of a check mailed to the Class Member at his or her last known address. *Id.* If the check is returned undelivered, the Settlement Administrator will contact the Class member by email and ask for updated address information. *Id.* ¶ 2.3(d). Class members will have ninety (90) days to cash their settlement checks. *Id.* ¶ 2.3(c). Only funds resulting from payments the Settlement Administrator is unable to make will be returned to SeaWorld. *Id.* ¶ 2.3(e).

## II.   The Settlement should be preliminarily approved because the Settlement Agreement is a fair, reasonable, and adequate resolution of this case.

The Settlement Agreement should be preliminarily approved. Approval of a class action settlement involves "three distinct steps: first, preliminary approval of the proposed settlement after submission to the court of a written motion for preliminary approval; second, dissemination of mailed and/or published notice of settlement to all affected class members; and third, a final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented." *Reyes v. A T & T Mobility Servs., LLC.*, 2012 WL 13008164, at *1 (S.D. Fla. Dec. 20, 2012). "Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of the written submissions." *Pierre-Val v. Buccaneers Ltd. P'ship*, 2015 WL 3776918, at *1 (M.D. Fla. June 17, 2015) (quoting *Clark v. Ecolab, Inc.,* 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009)). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, 2012 WL 4174502, at *4 (S.D. Fla. Sept. 19, 2012) (quoting *Smith v. Wm. Wrigley Jr. Co.,* 2010

12

WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010)). Application of these standards here supports preliminary approval.

### A. The Settlement Agreement was negotiated in good faith.

First, the Settlement Agreement is the result of good faith negotiations between Plaintiffs and SeaWorld, each of which were represented in this matter by experienced, qualified counsel. "Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness." *In re Checking Account Overdraft Litig.*, 2012 WL 4174502, at *4. In this case, the parties mediated the case on three separate occasions, reaching an impasse after each of the first two. With the aid of an able mediator, the parties engaged in extensive negotiations to ultimately reach a Settlement after the third mediation that both sides believe is fair and reasonable. The negotiations were arm's length and non-collusive. In fact, the Settlement Agreement was ultimately reached several days after the third mediation through the use of a "mediator's proposal" after the day-long mediation had concluded without the parties reaching an agreement. The good-faith, arm's-length nature of the negotiations that resulted in the Settlement Agreement weigh in favor of its preliminary approval.

### B. The Settlement Agreement is fair.

Second, there are no deficiencies in the proposed Settlement that would render it unfair. All class members are treated equitably by the Settlement Agreement. The Settlement Agreement provides that each Class member will receive a payment in a pro rata amount based on the number of passes that class member purchased during the class period. Ex. 1 ¶ 2.3. Class members have three options regarding the form of the relief they will receive, including

13

whether to keep their passes at the current monthly rates or to have them terminated. *Id.* ¶3.2(e). Any Class member who chooses not to return the Option Form will nonetheless still receive payment in the amount that Class member is entitled to. *Id.* Members of the EFTA Class will receive an additional payment in a pro rata amount from a fund of $500,000, *id.* ¶ 2.2, the maximum class recovery available in an EFTA class action. 15 U.S.C. § 1693m(a)(2)(B). Compensation to the class representatives and Class Counsel will be in an amount to be approved by the Court. Ex. 1 ¶¶ 2.6, 2.7. The fairness of the Settlement Agreement also weighs in favor of preliminary approval.

    C.    **The Settlement is within the range of reason.**

Third, the Settlement is within the range of reasonableness. At the final approval stage, districts court are instructed review a class action settlement for fairness, reasonableness, and adequacy in light of the following factors: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011). District courts must "also consider whether there has been any fraud or collusion behind the settlement." *Roundtree v. Bush Ross, P.A.*, 2015 WL 5559461, at *2 (M.D. Fla. Sept. 18, 2015). The proposed Settlement meets this standard.

Class Counsel believe the likelihood of success at trial is high, and the amount of Common Fund reflects that. Nonetheless, SeaWorld opposed summary judgment and has raised several defenses related to damages. Additionally, the proposed Settlement was reached

after the parties zealously and diligently litigated the complex legal issues raised in their cross motions for summary judgment and Plaintiff's motion for class certification. SeaWorld also made clear its intention to appeal any judgment in favor of the Class, as well as numerous issues pertaining to class certification.

Moreover, the Common Fund is well within the range of possible recovery here, and is in the range that is fair, reasonable, and adequate. According to SeaWorld's discovery responses, the maximum damages available on the breach of contract claim – that is, the total amount paid by all Class members beyond the initial twelve payments – was approximately $17.3 million as of February 2018. As noted above, the total maximum amount of EFTA damages is $500,000. Accordingly, the Common Fund represents approximately two-thirds of the maximum potential recovery to the Class, assuming all damages issues are decided in its favor before and at trial and the verdict is upheld on appeal. Further, the EFTA Subclass members will be paid the maximum potential statutory damages permitted by law. Under the Settlement, however, Class members will not be required to wait for this lengthy process, but will receive notice in the near future, have the opportunity to decide whether they wish to terminate their passes or keep them active, and will receive monetary relief almost immediately. The settlement also requires SeaWorld to pay the costs of notice and claims administration, costs that would otherwise be borne by the Class following a trial. Further, settling this matter allowed the parties to be more flexible with the form of the relief Class members will receive than would have been possible following a trial. As a result of the settlement, all Class members will be entitled to receive cash payments or the equivalent credit

15


toward a pass if they choose to, and those whose passes are still in effect will be able to decide for themselves whether they wish to keep them in effect or terminate them.

Litigating this case to conclusion likely would have been complex, costly, and very time consuming. Indeed, SeaWorld had signaled that it intended to vigorously contest on appeal any judgment in favor of the class, as well as numerous issues pertaining to class certification.

The Court is not in a position at this point to evaluate any opposition to the Settlement. The proposed Notice will provide Class members detailed instructions regarding how to bring to the attention of the Court any concerns they may have regarding the Settlement Agreement. The Court will have an opportunity to evaluate those arguments at the Final Approval stage.

Finally, the stage of the proceedings also weighs in favor of settlement here. The parties have vigorously litigated this matter for over three and a half years. They have conducted extensive discovery; litigated issues regarding discovery, proposed expert witnesses, and the arbitration clause SeaWorld contended applied to some class members; obtained class certification; filed cross motions for summary judgment; and litigated an interlocutory appeal. The mediation through which the case was ultimately resolved was the third mediation in this case. In short, each party was well-informed regarding the strengths and weaknesses of its case and able to meaningfully evaluate the potentials risks and benefits of settling versus taking the case to trial.

Every one of the factors used to evaluate proposed class action settlements that can be evaluated at this stage of the proceedings weighs in favor of approving the Settlement

Agreement. For these reasons, the Court should preliminarily approve the proposed Settlement Agreement.

### III. The proposed Notice and notice plan comply with Rule 23.

The proposed Notice and notice plan should also be approved. Notice of class certification for a class certified under Rule 23(b)(3), must state in "plain, easily understood language" the nature of the action, the definition of the certified classes, the class claims, issues, and defenses, that a class member may enter an appearance through an attorney, that the court will exclude from the class any member who makes such a request, the time and manner for requesting exclusion, and the binding effect of a class judgment. Fed. R. Civ. P. 23(c)(2)(B). A notice of settlement should include "'information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action.'" *Faught*, 668 F.3d at 1239 (quoting *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104–05 (5th Cir. 1977)). Such reasonable information includes the terms of the settlement, the allocation of attorneys' fees, and the date, time, and place of the final approval hearing. *Pierre-Val v. Buccaneers Ltd. Partnership*, 2015 WL 3776918, at *4 (M.D. Fla. June 17, 2015).

The parties' proposed Notice complies with all of the requirements of Rules 23(c)(2)(B) and 23(e). The Notice clearly informs potential class members of the nature of the class action, the class claims and issues, their right to be excluded from the class, the time and manner to request such an exclusion, and the binding effect of a final judgment. Ex. 1 at Ex. C. The Notice includes the terms of the settlement, the proposed allocation of attorneys' fees, and the time and place of the final approval hearing. *Id.*

Finally, the plan the parties have agreed to for providing notice to the Class also satisfies Rule 23. Before final approval of a class settlement, "Rule 23(e) requires that the district court 'direct notice in a reasonable manner to all class members who would be bound by a proposal.'" *United States v. Alabama*, 271 F. App'x 896, 900 (11th Cir. 2008) (quoting Fed. R. Civ. P. 23(e)(1)). Here, the Settlement Agreement provides that the Notice will be mailed via United States First-Class mail to each potential class member, within fifty (50) days of the date of this Court's order of preliminary approval. Ex. 1 ¶ 3.2(d). Individual notice by direct mail is generally recognized at the best notice practicable. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974); *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992). The Settlement Agreement also provides for re-mailing and/or skip tracing if a Notice is returned as undeliverable. Ex. 1. ¶ 3.2(d). The Settlement Agreement further provides that a Settlement Website will be established that will contain the Notice, the Complaint, and the Preliminary Approval Order, as well as the motion for attorney's fees and costs once it is filed. Ex. 1. ¶ 3.2(c).

The Notice and notice plan are calculated to take all reasonable steps to ensure that Class members receive notice of the Settlement and their rights under the Settlement. The proposed Notice and method of delivery therefore comply with Rule 23's requirements and should be approved by the Court.

### IV. Request for Final Approval hearing

Consistent with the Settlement Agreement, the parties request that the Court set a Final Approval hearing as soon as possible after the date at least one hundred and twenty-five (125) days after the date a preliminary approval order is entered. Ex. 1 ¶ 3.1(d). This will allow

sufficient time for the Settlement Administrator to provide the Notice to the Class, and for the Class members who wish to opt out or object to do so, but will not delay relief to the Class any more than necessary.

## CONCLUSION

For these reasons, Plaintiff respectfully moves the Court enter an Order preliminarily approving the proposed Settlement, approving the proposed Notice, and setting a Final Approval hearing.

Respectfully submitted,

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes (FBN 0159727)
kyanes@kmf-law.com
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, Florida 33601-3396
Telephone:(813) 229-1118
Facsimile: (813) 221-6750

Paul R. Fowkes, Esq.
  Fla. Bar No. 723886
paul@fhlawpa.com
Ryan C. Hasanbasic, Esq.
  Fla. Bar No. 044119
ryan@fhlawpa.com
F&H LAW GROUP, P.A.
1807 Short Branch Drive, Suite 101
Trinity, Florida 34655
Telephone: (813) 221-0500
Facsimile (727) 943-3203
*Class Counsel*

19

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

Colin C. Deihl
CDeihl@polsinelli.com

Christopher T. Hill
chill@hrkmlaw.com

/s/ *Katherine Earle Yanes*
Katherine Earle Yanes