**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON HERMAN, an individual and on behalf of those similarly situated, JOEY KRATT, an individual and on behalf of those similarly situated, and CHRISTINA LANCASTER, an individual and on behalf of those similarly situated,**

    Plaintiffs,

v.                                        Case No: 8:14-cv-3028-T-35JSS

**SEAWORLD PARKS & ENTERTAINMENT, INC.,**

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL AND PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards to Class Representatives, (Dkt. 199), and Plaintiffs' Motion for Final Approval of Settlement Agreement. (Dkt. 207) On December 14, 2018, the Court granted Plaintiff's Motion for Preliminary Approval of Class Action Settlement. (Dkt. 195)

On April 11, 2019 Plaintiffs filed a Motion for Final Approval of Settlement Agreement, (Dkt. 207), and on April 18, 2019, the Court held a Final Approval Hearing concerning the Motion. (Dkt. 198) The Court reviewed: (a) the Motion and the supporting papers, including the Settlement Agreement and Release ("Agreement" or "Settlement"), (Dkt. 207-1); (b) the Motion for Attorneys' Fees and Costs and Service Awards to Class

1

Representatives Jason Herman, Joey Kratt, and Christina Lancaster (hereinafter, "Named Plaintiffs"), (Dkt. 199); and (c) summations by counsel. There were no objections to the Settlement. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Final Order and Judgment have the same definition as the terms in the Agreement.

2. The Settlement Agreement has been negotiated by competent and independent counsel at arms-length and falls within the range of possible approval as fair, reasonable and adequate.

3. The Notice provided was the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all members of the Settlement Class, in full compliance with the requirements of the Rules of Civil Procedure, applicable sections of the United States Code, and the United States Constitutions and other applicable laws.

4. The Settlement was entered into in good faith, is fair, reasonable and adequate, and satisfies the standards and applicable requirements for final approval of this class action settlement.

5. The Parties adequately performed their obligations under the Agreement.

6. The Settlement Administrator provided notice to Settlement Class Members in compliance with Section 3.2 of the Agreement, the Rules of Civil Procedure, and the United States Constitution, and any other applicable law. The notice: (a) fully and accurately informed Settlement Class Members about the lawsuit

and Settlement; (b) provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement; (c) provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (d) provided the time, date and place of the final fairness hearing. The Settlement Administrator provided notice to 131,757 Settlement Class Members. Six (6) Settlement Class Members opted out of the Settlement Class, and zero (0) Settlement Class Members objected to the Settlement.

7. An award of $2,875,000.00, in attorneys' fees and costs, equal to twenty-five percent (25%) of the Settlement Amount, along with reasonable litigation costs Class Counsel incurred related to their representation of the Class in the total amount of $34,037.87, to Settlement Class Counsel is fair and reasonable in light of the nature of this case, the experience and efforts of Class Counsel in prosecuting this Action, and the benefits obtained for the Class.

8. A service award to Named Plaintiffs of $10,000.00 each for a total of $30,000.00, is fair and reasonable in light of: (a) Named Plaintiffs' risks in commencing this action as class representatives; (b) the time and effort spent by Named Plaintiffs in litigating this action as the class representatives; and (c) Named Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards to Class Representatives, (Dkt. 199), is **GRANTED**.

2. Plaintiffs' Motion for Final Approval of Settlement Agreement, (Dkt. 207), is **GRANTED**.

3. The Parties' Settlement Agreement, (Dkt. 207-1), is **APPROVED**. The Settlement Funds shall be distributed in accordance with the Settlement Agreement, except as otherwise directed in this Order.

4. **Settlement Class Members.** For Settlement purposes, the Settlement Class Members are defined as:

> All natural persons who purchased a one-year pass through SeaWorld's "EZ Pay" program to one of SeaWorld's theme parks located in the states of Florida, Texas, Virginia, or California; who were residents of the state where the park is located at the time of purchase; who purchased the pass within the Applicable Statute of Limitations Period for the respective states (as defined herein); who paid for their one-year pass in less than 12 months; and who were charged any additional monthly payments for renewal of the pass after the one-year pass was paid in full. Excluded from the Settlement Class are (a) all persons who received full refunds from SeaWorld after being charged any monthly payments for renewal of the pass after the one year pass was paid in full; (b) all persons who used their pass after the initial one-year term; (c) managers, directors, and employees of SeaWorld and members of their immediate families; (d) all agents of SeaWorld; (e) legal counsel for Plaintiffs or SeaWorld and members of their immediate families; (f) all judges assigned to hear any aspect of this litigation as well as their immediate family members; and (g) any class members in the matter of *Gargir v. SeaWorld Parks & Entertainment, Inc.,* No 37-2015-00008175-CU-MC-CTL, in the California Superior Court, San Diego County (the Gargir Action) who have released and discharged SeaWorld of any claims they may have in this case as a result of a class action settlement approved in the Gargir Action.

5. **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Agreement, and binds all Settlement Class Members, including those who did not properly opt out under Paragraph 5 of the

Preliminary Approval Order.  (Dkt. 195)  This Order does not bind persons who timely and validly opted out of the Settlement.  Attached to this Order as Exhibit A is a list of persons who properly opted out of the Settlement.

6. **Release.**  Named Plaintiffs and all Settlement Class Members who did not properly opt out are: (a) deemed to have released and discharged SeaWorld from all claims that were or reasonably could have been asserted based on the factual allegations in this Action;[1] and (b) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 4.2 of the Settlement Agreement, which is incorporated into this Order by reference.

7. **Class Relief.**  SeaWorld, through the Settlement Administrator, will issue a pro rata payment from the Net Settlement Common Fund for each Pass purchased by a Settlement Class Member **within forty (40) calendar days** after the Final Settlement Date,[2] pursuant to the terms and timeline set forth in

---

[1] The Court deleted as duplicative the second clause of Paragraph (a) in the Parties' Proposed Order Granting Plaintiff's Motion For Final Approval.  The only difference in the first clause of Paragraph (a), which was retained, and the second clause is the inclusion of the word "contained."  If the Parties feel that the deletion of this clause is improper, they shall notify the Court.

[2] The term "Final Settlement Date" is defined as

> the earliest of the following: (1) thirty-five days after the entry of the Final Order and Approval if objections are filed and overruled, notice of entry of the order has been served, and no appeal is taken from the Final Order and Approval; or (2) if a timely appeal or motion for reconsideration is filed, thirty-five (35) days after the date of the final resolution of that appeal or motion and any subsequent appeals or petitions for review or certiorari from the Final Order and Approval, provided such appeals or reviews affirm Final Order and Approval.

(Dkt. 207-1 § 1.7)

Section 2.2 of the Settlement Agreement. Class Members shall have **ninety (90) days** from the date the checks are disbursed to cash their checks.

8. **Attorney's Fees and Costs.** Settlement Class Counsel is awarded $2,875,000.00 in fees and $34,037.87, in costs. SeaWorld will remit payment to the Settlement Administrator, which will issue payment to Settlement Class Counsel **within thirty (30) calendar days** after the Final Settlement Date, pursuant to the timeline set forth in Section 2.7 of the Settlement Agreement.

9. **Service Award.** Named Plaintiffs are each awarded $10,000.00, as a service award for their efforts bringing and actively participating in the case. SeaWorld will remit payment to the Settlement Administrator, which will issue payment to Settlement Class Counsel on behalf of Named Plaintiffs **within thirty (30) calendar days** after the Final Settlement Date, pursuant to the timeline set forth in Section 2.6 of the Settlement Agreement.

10. **Cy Pres Recipient.** Any funds that were part of the EFTA Settlement Amount[3] and remain in the Net Settlement Common Fund **one hundred and fifty (150) days** after the payments were first mailed to Class Members, shall thereafter be paid as a donation within **seven (7) days** to the *cy pres* recipient:

> **National Fish and Wildlife Foundation**
> **1133 15th St., NW # 1000**
> **Washington, DC 20005**

---

[3] The "EFTA Settlement Amount" is defined as the $500,000.00 settlement amount given pro rata to those Settlement Class Members who used a debit card to fund their EZpay contract and were charged additional monthly payments for renewal of the pass after December 13, 2013. (Dkt. 207-1 §§ 1.3 and 1.4)

    a. No later than **seven (7) days** after the Defendant disburses the remaining proceeds to the *cy pres* recipient, the Parties shall file their joint stipulation of dismissal with prejudice concerning this matter.

11. **Court's Jurisdiction.** This Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out. Class Counsel shall notify the Court when this has occurred.

12. This case is **ADMINSTRATIVELY CLOSED** pending receipt of a final stipulation of dismissal. The Parties have two hundred and forty (240) calendar days from the date of this Order to file a stipulation of dismissal or, if appropriate, a motion to reopen the case. After the 240-day period, the dismissal shall be with prejudice without any further notice to the Parties.

13. The **Clerk** is **DIRECTED** to terminate any pending motions in this case.

14. The **Clerk** is further **DIRECTED** to send a copy of this Order to the *cy pres* recipient:

    **National Fish and Wildlife Foundation**
    **1133 15th St., NW # 1000**
    **Washington, DC 20005**

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of April, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

## EXHIBIT A

| ClaimID | FirstName | LastName |
|---|---|---|
| SAH-100097308 | JOANN | FORSYTHE |
| SAH-100188826 | JONATHAN | TOLEDO |
| SAH-100374590 | ROBERT | KEHN |
| SAH-101079818 | STEPHANIE | PORTALES |
| SAH-101128886 | BILLY | RATLIFF |
| SAH-101134622 | JON | RALSTON |